WILLIAM F. LAWRENCE & others *vs.* ALFRED H. BATCHELLER.

Suffolk. March 3. — Oct. 21, 1881. ENDICOTT, DEVENS & ALLEN, JJ., absent.

A., a citizen of this Commonwealth, who was a creditor of the firm of B., which was a limited partnership composed of B. as general partner and C. as special partner, brought an action against B. in another State and summoned as trustee there a person who was indebted to the firm of B. B. was soon after adjudged insolvent upon involuntary proceedings, in which C. was not mentioned and of which he was not notified; and an assignment of B.'s estate was duly made to assignees, who undertook the settlement of the affairs of the firm of B. Subsequently the action of A. against B. was prosecuted to final judgment, and A. received the amount of his claim from the trustee. *Held*, in an action by the assignees of B.'s estate against A. to recover the sum so received by the latter, that it was not necessary to have joined C. as a co-defendant in the action of A. against B.; and that this action could not be maintained.

CONTRACT, by the assignees in insolvency of M. Frank Paige, for money had and received. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon an agreed statement of facts, in substance as follows:

Paige, for more than a year prior to January 30, 1879, was a member of a limited partnership duly formed under the laws of this Commonwealth, and doing business at Boston, under the firm name of M. Frank Paige, of which firm he was the general partner, and Laura A. Whitcher was the special partner. In October 1878, the firm and Paige were in embarrassed circumstances and had suspended payments. In November 1878, the defendant, a citizen of this Commonwealth, knowing that Paige was in embarrassed circumstances and likely to become insolvent, began three actions against him, in the States of New York, Alabama and Arkansas respectively, and summoned various parties as trustees or garnishees.

On January 30, 1879, Paige was duly adjudged insolvent, and on the same day the warrant was published. The proceedings in insolvency against Paige were involuntary, and no mention of the special partner was made therein or in the assignment, and no official notice was given to the special partner.

On February 13, 1879, the plaintiffs were duly appointed assignees, received an assignment of Paige's estate, took upon themselves the management of the same, and also the settlement of the business of the firm of M. Frank Paige, and are still such assignees.

The defendant, after the adjudication in insolvency, and after the assignment to the plaintiffs, prosecuted the three actions to final judgment and received from the trustees therein the sum of $1744.02 in all, which the plaintiffs seek to recover in this action.

The only person named as defendant in those actions was M. Frank Paige; and no mention was made of any firm. All the persons summoned as garnishees were indebted to the firm of M. Frank Paige, and not to Paige as an individual. The claims of the defendant were all claims against the firm of M. Frank Paige. The defendant has not proved any claim under the insolvency proceedings.

There were three creditors of the firm of M. Frank Paige in October 1878, and thereafter till now, who lived in the State of New Hampshire; and the total amount of their claims — all of which have been proved in insolvency — is $873.35. They have not interfered in any way with the suits brought by the defendant, and have not in any way hindered the defendant in obtaining the money collected and held by him.

There will remain, after all dividends have been paid, unsatisfied claims, against both the partnership and individual estates of Paige, to an amount in each case greater than the sum sought to be recovered in this action.

The statutes of New York, Alabama and Arkansas contain the following provision as to the mode of bringing actions against limited partnerships : " Suits in relation to the business of the partnership may be brought and conducted by and against the general partners in the same manner as if there were no special partners."

There is nothing in the statutes of either of these three States which in terms provides for the mode of bringing actions against limited partnerships formed under the laws of other States.

On October 21, 1879, the plaintiffs made due demand on the defendant for payment of the amount realized by him in said

actions; but the defendant refused to pay the same, or any part thereof.

If the plaintiffs could recover said sum of $1744.02, or any part thereof, and interest from October 21, 1879, judgment was to be entered for them; otherwise, for the defendant.

*H. R. Bailey*, for the plaintiffs.

*C. Allen*, for the defendant.

FIELD, J. As the attachments were made prior to the time when the assignment in insolvency took effect, and, having been made in other States, were not dissolved by the proceedings in insolvency in this Commonwealth, and were valid by the laws of the States respectively in which they were made, they must prevail over the assignment, unless the statutes of the Commonwealth make a title so acquired by a citizen of the Commonwealth void or voidable at the election of the assignees in insolvency.

The case at bar is not within the provisions of the Gen. Sts. *c.* 118, § 89, for, without considering whether the words "procures any part of his property to be attached, sequestered or seized on execution," include attachments, sequestrations and seizures on execution in other States, it does not appear by the agreed statement of facts that the attachments and seizures in this case were made by the procurement of the insolvent debtor. In the following cases, the attachments were subsequent to the time when the assignments in insolvency or in bankruptcy took effect, and the assignee had the earlier and better title. *Pomroy* v. *Lyman*, 10 Allen, 468. *Hunter* v. *Potts*, 4 T. R. 182. *Phillips* v. *Hunter*, 2 H. Bl. 402. *Sill* v. *Worswick*, 1 H. Bl. 665.

But it is contended .that to permit the defendant to retain the moneys he has obtained is to permit him to evade the general policy of our laws relating to insolvency, under the decision in *Dehon* v. *Foster*, 4 Allen, 545, and 7 Allen, 57. In that case, the defendants, citizens of Massachusetts, were perpetually enjoined from prosecuting their suit in the State of Pennsylvania to judgment, on the ground that "the defendants, if allowed to proceed with their action, will perfect the lien which is now inchoate under their attachment, and will thereby establish a valid title to the property of the insolvent debtors

under the laws of Pennsylvania." The court in that case held that the intent with which the defendants made the attachments did not affect the equitable rights of the assignees; 7 Allen, 58; and no action on the part of the insolvent debtors in procuring the attachment to be made appears to have been alleged in the bill; so that the court was not dealing with an attempt to obtain a preference under the Gen. Sts. *c.* 118, § 89. Property obtained in violation of that section, or the value of it, may be recovered in an action at law by the assignees, and this may be held an adequate remedy at law in the absence of any allegation that the defendant is pecuniarily irresponsible.

But the case of *Dehon* v. *Foster* proceeded on the ground that there was no adequate remedy at law for the wrong complained of; that the title to the funds attached, which the defendants, if permitted to proceed with their action to judgment and a levy of execution on the funds attached, would obtain, must be recognized as a valid one by our laws; and that to permit a citizen of Massachusetts to collect his debt in this way of an insolvent debtor was inequitable, and contravened the intent of our statutes.

The argument of the plaintiffs in the case at bar is, that, as it was contrary to equity for the defendant to proceed with his suits to judgment and to a satisfaction of the judgments from the funds attached, so it is contrary to equity for him to retain the money so obtained; and that they can maintain an action at law against the defendant for money had and received to their use, because the money *ex æquo et bono* belongs to them. This argument rests on the assumption that courts of law will afford a remedy in damages for all wrongs done, which courts of equity, if seasonably applied to, will prevent; but this is not true. Courts of equity recognize and enforce rights which courts of law do not recognize at all; and it is often on this ground that defendants in equity are enjoined from prosecuting actions at law.

In *Dehon* v. *Foster*, 4 Allen, 551, the court said, " Nor is the validity of a foreign law, or of the lien acquired under it, in any manner called in question." Because it was beyond the power of the court to call in question the validity of this lien acquired

under the laws of another State, it proceeded to enjoin the defendants over whom the court had jurisdiction from enforcing in another State their legal rights.

In the case at bar, the title to the credits attached, which passed to the assignees by virtue of the proceedings in insolvency, whether it be regarded as a legal or an equitable title, was a title subject to the attachments. As neither the common law nor our statutes give any right of action on the facts agreed in this case, the assignees cannot maintain their suit if the attachments were properly made. It is contended, however, that, as in the actions brought by the defendant M. Frank Paige only was named as defendant, therefore the attachments could not hold the indebtedness of the garnishees to the partnership of M. Frank Paige, although the causes of action were the indebtedness of this partnership to the defendant. If this were so, and if the judgments charging the garnishees could be attacked collaterally, and if the payment by the garnishees to the defendant could be regarded as a voluntary payment, although then there might not be any defence to an action brought by the assignees against the garnishees, still it is difficult to see how the assignees could maintain this action against this defendant. *Moore* v. *Moore*, 127 Mass. 22.

The statutes of Massachusetts, Gen. Sts. *c.* 55, § 9, as well as the statutes of the States of New York, Alabama and Arkansas, all provide in substance that suits respecting the business of a limited partnership may or shall be brought by and against the general partners only; but it is argued that the statutes of each of these States have no extra-territorial operation; and as no provision is made by any of these statutes regulating the mode of bringing actions against limited partnerships formed under the laws of other States, that such partnerships outside the limits of States in which they are formed must be regarded as general partnerships, and therefore the special partner should have been joined as a co-defendant with Paige in the suits instituted by this defendant. This, of course, is subject to the rule of law as to parties defendant where there are dormant partners. *Wright* v. *Herrick*, 125 Mass. 154. And it does not appear by the agreed statement of facts that it was actually known to the defendant that Laura A.

Whitcher was a special partner with Paige. But limited partnerships are established and regulated by statutes in each of the States where they exist; and, by the statutes of this Commonwealth, the special partner is not personally liable for the debts of the partnership except in cases specified by the statutes. The statutes provide for a public record of the principal facts which concern creditors, and all persons doing business with limited partnerships are presumed to take notice of the laws of the State in which they are formed. In the absence of any acts of the special partner whereby under the general principles of law he would incur the liability of a general partner, the limited liability of the special partner is recognized and protected by the courts of other States, according to the law of the State in which the limited partnership is formed. *King* v. *Sarria*, 69 N. Y. 24. *Barrows* v. *Downs*, 9 R. I. 446. The special partner, therefore, ought not to have been joined as a co-defendant in the actions, and the proceedings in this respect were correct.

It is, to say the least, doubtful if the regularity of the proceedings in those actions in reference to the attachments, and the conclusiveness of the judgments charging the garnishees therein, can be called in question in this suit. *Green* v. *Van Buskirk*, 5 Wall. 307, and 7 Wall. 139.

It is unnecessary to consider whether by the proceedings in insolvency the limited partnership of M. Frank Paige, or only Paige individually, became an insolvent debtor, and whether the assignees show any title to the assets of that partnership.

*Judgment affirmed.*