### HARWELL *v.* SHARP BROTHERS.

That a creditor transferred to his attorney a just debt and caused attachment and garnishment to issue and be prosecuted in an adjoining State, thus coercing payment, though both parties were citizens of Georgia, and though the motive for proceeding elsewhere was to evade the laws of this State exempting the debtor's wages from process of garnishment, constitutes no cause of action in favor of the debtor against the creditor.

April 14, 1890.

Actions. Debtor and creditor. Garnishment. Torts. Before Judge VAN EPPS. City court of Atlanta. December term, 1889.

Harwell sued Sharp Bros. for $2,500, on the following statement of facts: He is a laborer and, was working as such for the Western and Atlantic Railroad Co. prior to and on April 29, 1889. He purchased drugs from defendants, and was indebted to them $9.70 on the balance of account. A short time prior to April 29, they called upon him to pay the balance and avoid

trouble.  He thereupon notified them that he was working for $1.35 per day, daily wages; that he had a large family to support and was hardly able to get along with his earnings; and that he would pay the bill as soon as he could.   He brought their attention to the fact that some Atlanta merchants had been sending their claims, contracted in Georgia, against daily laborers working for railroad companies in Atlanta, to certain parties in Chattanooga, Tenn., who tied up the men's wages by serving garnishments upon the local agents of the railroad companies, in Chattanooga.   He notified them that in 1888, his own wages, earned as a daily laborer in Atlanta, Ga., under color of such pretended transfer were attached by an Atlanta merchant in Tennessee, and the attachment made it necessary for him to go to Chattanooga and employ attorneys, in order to protect his family from this oppressive use of the law.   He informed defendants that if his wages were so tied up again, he would appeal to Georgia law for redress.   After this notice defendants made a pretended transfer of their account to one Shumate, a citizen of Tennessee, and on April 29, 1889, under color of pretended ownership, Shumate, being the agent and attorney of defendants, caused an attachment to issue from the office of a magistrate in Tennessee and to be served on the agent of the W. & A. Railroad Co. in Chattanooga, whereby petitioner's daily wages were sequestered.   He was advised by counsel that the aforesaid facts constituted an oppressive use of the law, but on account of his poverty he could not pay the expenses of resisting the attachment, or await the decision of the courts.   He was compelled to go to Chattanooga, and in order to get means to feed his family, was forced to pay Shumate $13 out of his daily wages so sequestered, which did not leave enough to pay his house-rent and provide sufficient food and clothing for his

family. Defendants sold him the drugs, for which he owed them, in Fulton county, Georgia, their place of doing business and residence. When he bought the goods he was a resident of that county and is now, and his wages, attached in Tennessee, were wholly earned by services rendered the W. & A. Railroad Co. in Fulton county, Ga. The alleged transfer to Shumate was a trick to evade the law of Georgia; and the foregoing state of facts constituted, upon the part of defendants, a malicious abuse of legal process, and, his wages being free from process of garnishment under the laws of Georgia, defendants were guilty of a breach of legal duty.

On general demurrer the action was dismissed, and the plaintiff excepted.

HAYGOOD & DOUGLAS, for plaintiff.

ARNOLD & ARNOLD, for defendants.

BLECKLEY, Chief Justice.

By the statute law of this State "all journeymen mechanics and day-laborers shall be exempt from the process and liabilities of garnishment on their daily, weekly or monthly wages, whether in the hands of their employers or others." Code, §3554. We are not informed by anything directly alleged in the plaintiff's declaration whether or not any similar law prevails in the State of Tennessee. The fair inference from what is alleged would be that there is no like exemption in that State, or at least, none of which non-resident debtors could avail themselves. It appears that the defendants, who were creditors of the plaintiff, for the purpose of resorting to a Tennessee forum and to evade this provision in the laws of Georgia, transferred their account to their attorney and caused attachment to issue in Tennessee and a garnishment to be served on the Western and Atlantic Railroad Company, who was

indebted to the plaintiff for wages earned as a daily laborer. The effect of this garnishment was to constrain the plaintiff to pay the debt in whole or in part which he owed to the defendants, the sum paid being $13. This is the grievance of which he complains, alleging that he was injured and damaged thereby in the sum of twenty-five hundred dollars. Both parties being citizens of Georgia, it is not unlikely that, if application had been made in time, an injunction might have been obtained, restraining the defendants from prosecuting their attachment and garnishment in Tennessee. Ample and apparently sound authority for so doing may be found. Snook v. Snetzer, 25 Ohio St. 516 ; Keyser v. Rice, 43 Md. 203 ; Teager v. Landsley, 69 Iowa, 725 ; Hagar v. Adams, 70 Id. 746 ; Mumper v. Wilson, 72 Id. 163; Wilson v. Joseph, 107 Ind. 490. It does not follow, however, that because the plaintiff might have asserted his exemption in this way, and claimed the benefit of the law of his own State, it was in any sense unlawful or legally wrongful for the defendants to bring their attachment in Tennessee and use there the remedy of garnishment furnished by the laws of that State. Unless restrained by some tribunal of their own State, they were but exercising a privilege common to all citizens of the United States. While left free to act according to their own will in the use of remedies, they had as much right to sue in Tennessee as they would have had if they were citizens of that State. Morgan v. Neville, 74 Penn. St. 52. In dealing with a somewhat similar question, the Supreme Court of Massachusetts, in Lawrence v. Batcheller, 131 Mass. 504, speaking by Field, J., said: " The argument of the plaintiffs in the case at bar is, that as it was contrary to equity for the defendant to proceed with his suits to judgment and to a satisfaction of the judgment from the funds attached, so it is contrary to equity

for him to retain the money so obtained ; and that they can maintain an action at law against the defendant for money had and received to their use, because the money *ex æquo et bono* belongs to them.   This argument rests upon the assumption that courts of law will afford a remedy in damages for all wrongs done, which courts of equity, if seasonably applied to, will prevent; but this is not true.   Courts of equity recognize and enforce rights which courts of law do not recognize at all; and it is often on this ground that defendants in equity are enjoined from prosecuting actions at law."   The plaintiff may have had his election to bring the defendants' rights, as against his wages, to the test of Georgia law, or allow them to be tested by Tennessee law.   This election could be exercised, however, only in due time and proper manner.   He could not allow the law of Tennessee to be applied to the case and afterwards, by such an action as this, have the law of Georgia applied to it.   His remedy, if he had any, was to prevent by injunction upon his adversary the application of Tennessee law as a rule of adjudication.   This he did not do, otherwise than by paying the debt.   Although it is not distinctly stated, we think it is to be inferred from the language of the declaration that he paid before the proceeding in Tennessee reached a conclusion by judgment.   Had it resulted in a judgment, there can be no doubt, assuming that the attachment and garnishment were regular according to the laws of Tennessee, that such judgment would have to be treated in Georgia as having the same effect as would be ascribed to it in Tennessee. Green v. Van Buskirk, 5 Wall. 310 ; 7 Wall. 139.   A case very similar to the present has been decided in Indiana, and it was held that, even though there was a statute making the act complained of penal, no recovery could be had for the transfer of a just debt and proceeding upon it by attachment in another State,

though the effect was to deprive the debtor of his exemption allowed by the laws of his own State, of which State the creditor also was a citizen. Uppinghouse v. Mundell, 103 Ind. 238. The soundness of that adjudication may be questioned, inasmuch as there was an express statute violated. But with us there is no such statute, and we are therefore not required to go the full length of this Indiana precedent. Upon no recognized theory of a malicious abuse of process, or the malicious prosecution of a civil action, can the declaration before us be upheld. There was a just debt and a lawful resort to a competent forum (nothing to the contrary being alleged) for its collection, and payment was made either pending the suit or after judgment. The debt was thus in whole or in part extinguished. The money paid is no longer that of the debtor, but has become the property of the creditor. While there may have been damage, there has been no legal injury, no wrong done to the plaintiff, for which any court adjudicating upon legal principles can afford redress.

There was no error in sustaining the demurrer to the declaration.                    *Judgment affirmed.*