THOMAS E. PROCTOR *vs.* NATIONAL BANK OF THE REPUBLIC.

Suffolk.   March 20, 21, 1890. — September 5, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Insolvent Debtor — Preference — Sale of Claim to Non-resident — Proof*
*of Claim — Application to this Court.*

If a resident creditor pending an action on his claim in another State against his debtor, who also resides here, sells the claim to a non-resident, both seller and purchaser knowing that the debtor is then insolvent in fact, and that the sale is made to obtain a preference, the debtor's assignee in insolvency afterwards appointed cannot recover of the creditor the proceeds of the sale; and an agreement of the creditor, made with the purchaser at the time of the sale, to pay the expense of collecting the claim and to make up any deficit therein, is collateral merely, and does not affect the purchaser's title to the claim, or his absolute right to control and prosecute the pending action.

A claim against an estate in insolvency and the terms upon which it may be proved must be passed upon by the Court of Insolvency before the supervisory jurisdiction of this court conferred by the Pub. Sts. c. 157, § 15, can be invoked.

BILL IN EQUITY, filed October 10, 1889, by the assignees in insolvency of the firm of E. & A. H. Batcheller and Company, to recover the proceeds of a claim against that firm sold by the defendant, and to enjoin the prosecution of an action pending thereon in Ohio against its members and their estate in insolvency. The case was heard by *Holmes,* J., and by him reserved for the consideration of the full court, and was as follows.

On July 29, 1889, the firm of E. & A. H. Batcheller and Company suspended payment, and made an assignment to trustees for the benefit of creditors. On July 31, the defendant, which was the holder of six promissory notes of the firm, aggregating $32,587.52, began an action by the trustee process in Cincinnati, Ohio, upon four of the notes which had then matured, and summoned as trustee or garnishee the firm of J. & A. Simpkinson and Company, which did business there, and was indebted to the firm of E. & A. H. Batcheller and Company. On September 21, the Batchellers filed a voluntary petition in insolvency, and an offer of composition to their creditors. The defendant on that day, with knowledge that such a petition was to be filed, and that a warrant was to be issued on September 23, and the

first publication of notice made on September 24, sold and transferred the four notes that were due to the Continental National Bank of New York, with which it kept an account, under two agreements, both dated at New York on September 23, 1889, and executed by L. L. Scaife, its attorney in fact, the first of which was as follows: " The National Bank of the Republic of Boston hereby sells, assigns, and transfers to the Continental National Bank of New York the following four notes, viz. note dated Jan. 26, 1889, for $5,287.69, note dated Jan. 28, 1889, for $5,193.94, note dated Jan. 28, 1889, for $5,287.69, and note dated Jan. 30, 1889, for $5,193.94, all made by E. .& A. H. Batcheller & Co., and all at six months, in consideration of the sum of twenty thousand seven hundred and thirteen and $\frac{26}{100}$ dollars, the receipt whereof is hereby acknowledged; and further, for the same consideration, assigns and transfers all rights, claims, and remedies in or through any suit or proceeding pending in Cincinnati, Ohio, for the collection thereof, and particularly case No. 44,221 pending in the Superior Court in Cincinnati aforesaid, in which the said National Bank of the Republic is plaintiff and Batcheller *et al.* are defendants, and in which a certain attachment was issued against J. & A. Simpkinson & Co., and all right, claim, or remedy in or to any other supplemental, amended, or other proceeding."

The other agreement was as follows: " Whereas, the National Bank of the Republic of Boston has this day sold and delivered to the Continental National Bank of New York four promissory notes made by E. & A. H. Batcheller and Company, dated, one January 26, 1889, for $5,287.69, one January 28, 1889, for $5,193.94, one January 28, 1889, for $5,287.69, and one dated January 30, 1889, for $5,193.94, and has also assigned to said Continental National Bank all rights of action pending in Cincinnati, Ohio, for the recovery of said notes, all of which more fully appears by an assignment in writing this day made by the National Bank of the Republic of Boston to the Continental National Bank of New York, — Now, therefore, the National Bank of the Republic of Boston, in consideration of the premises and of one dollar to it paid by the Continental National Bank of New York, the receipt whereof is hereby acknowledged, doth hereby promise and agree to and with the Continental

National Bank, that if the said Continental National Bank shall not recover the full amount of said notes with interest thereon, the said National Bank of the Republic will pay to the said Continental National Bank any deficit; and further, said National Bank of the Republic promises and agrees absolutely, without regard to the amount recovered, if any, in Cincinnati upon said notes, that it will pay to the Continental National Bank a sum equal to all of said Continental National Bank's costs, charges, and expenses, including counsel fees, in reference to the collection of said notes."

On the same day the Continental National Bank credited the defendant in the account current between them with the face value of the notes, and the defendant drew and received as the proceeds of the same $20,713.26. On October 4, the plaintiffs were appointed assignees in insolvency and accepted the trust. On October 11 the offer of composition was confirmed, and on October 19 the Batchellers, having paid into court the full amount of the dividend upon all their indebtedness, including the six notes above referred to, received their discharge. On the same day the Batchellers filed a petition in the Court of Insolvency asking that the property remaining in the hands of the plaintiffs be transferred to them, and that the latter be ordered to continue this suit in equity for their benefit. The action pending in Ohio was prosecuted by the Continental National Bank to a final judgment, which on October 21 was entered in its favor and in its name, and subsequently the amount thereof was paid over by Simpkinson and Company to that bank.

*J. Lowell & M. F. Dickinson, Jr.,* (*H. R. Bailey* with them,) for the plaintiffs.

*L. L. Scaife & B. G. Davis,* for the defendant.

FIELD, C. J. We think it appears that the notes were actually sold and delivered by the defendant to the Continental National Bank of New York ; that the intention of the defendant in making the sale was to obtain an advantage over the other creditors of E. & A. H. Batcheller and Company ; that this intention was known to the Continental National Bank at the time it purchased the notes, and that it bought them for the purpose, among others, of enabling the defendant to carry this intention

into effect. The defendant knew that Batcheller and Company were insolvent in fact, and might be adjudged insolvent debtors in this Commonwealth, and that, if this were done before it obtained judgment in Ohio, it might be enjoined from prosecuting the action in Ohio to judgment; and in order to avoid this, it sold the notes to the Continental National Bank. This sale included all the rights which the defendant had to prosecute the action then pending in Ohio. The agreement of the defendant with the Continental National Bank to pay to it any deficit, if it should not recover the full amount of the notes, and also to pay to it a sum equal to all its costs, charges, and expenses, is an agreement collateral to the sale, and does not affect the title of the Continental National Bank to the notes, or the absolute right of control, which, after the sale, it had over the action pending in Ohio.

When, therefore, this bill was brought, an injunction against the defendant's prosecuting the action in Ohio would have been ineffectual, because the defendant had no control over the action. It has been held in *Lawrence* v. *Batcheller*, 131 Mass. 504, that if the defendant had prosecuted the suit in Ohio to judgment, and the judgment had been satisfied out of the funds there garnisheed, the plaintiffs could not recover of the defendant the amount of the judgment. It is also settled that if the defendant, after Batcheller and Company had been adjudged insolvent debtors, had retained control of the suit, the plaintiffs could have obtained an injunction against the further prosecution of it by the defendant. *Dehon* v. *Foster*, 4 Allen, 545, and 7 Allen, 57. *Cunningham* v. *Butler*, 142 Mass. 47. *Cole* v. *Cunningham*, 133 U. S. 107. If there seems to be any inconsistency in principle between these two classes of cases, it arises, in part at least, from the limitations imposed by the Constitution of the United States upon the power of the Commonwealth to pass laws which relate to bankruptcies, and laws which will impair the obligation of contracts, and from a want of jurisdiction over citizens of other States.

It also has been contended, that, as by Article IV. Section I. of the Constitution of the United States, full faith and credit must be given to the judicial proceedings of other States, it is beyond the power of the Commonwealth to declare void an

attachment of property made in another State pursuant to its laws, or to make such an attachment inure to the benefit of an assignee in insolvency of a citizen of Massachusetts.   The Commonwealth by its statutes has 'not undertaken to prohibit under a penalty Massachusetts creditors from selling their claims to the citizens of other States when the debtors, being citizens of Massachusetts, are in fact insolvent, and intend to take the benefit of its statutes relating to insolvency, nor do the statutes provide that the consideration received by the vendors, when they sell such claims, shall be held in trust for the benefit of the estate in insolvency of such debtors, or that assignees in insolvency may recover anything of the vendors on account of such sales.   The statutes are entirely silent with reference to the effect of the proceedings in insolvency upon any such transaction as is shown in the case at bar.   It is not, therefore, now necessary to consider how far it is within the legislative power of the Commonwealth to prohibit such a transaction, or to provide civil remedies which shall enable assignees in insolvency to recover, for the benefit of estates in insolvency, compensation for any property of the insolvent debtors which Massachusetts creditors may obtain by prosecuting suits against such debtors in other jurisdictions, or by selling their claims to persons not citizens of the Commonwealth.

Jurisdiction in equity was maintained in *Dehon* v. *Foster* wholly on the ground that there was no remedy at common law, or under the statutes; and that, as it was against equity that the defendant, who was a citizen of Massachusetts, should obtain an advantage over other creditors by his proceedings in another State, the court could properly prevent this by the control which it had over his person, and this was done by injunction.   But if, by a transaction in another State, a Massachusetts creditor of a Massachusetts insolvent debtor acquires under the laws of that State an absolute title to property situated there, and this title under the laws of that State is paramount to that of the assignee in insolvency, the property, or its value, cannot, under existing laws, be recovered here by the assignee. The case at bar falls within the principles declared in *Lawrence* v. *Batcheller*, *ubi supra*.  The defendant sold the notes, and received the proceeds of the sale in New York, before the

assignment in insolvency took effect, and thereafter retained no control over the suit in Ohio; an injunction against the defendant's prosecuting that suit cannot be issued, because the Continental National Bank of New York has acquired the right to prosecute it for its own benefit; and the proceeds of the sale, or of the suit, cannot be recovered of the defendant.

The bill cannot be maintained for the purpose of enjoining the defendant from proving against the estate in insolvency of Batcheller and Company the notes which it still holds, or of deciding the terms on which, if at all, such notes may be proved, because it is not a bill brought under the Pub. Sts. c. 157, § 15. If the defendant intends to offer these notes for proof, it is for the Court of Insolvency to pass upon the allowance of the claim before the supervisory power of this court can be invoked.

We have not considered whether, on the facts of this case, the plaintiffs must not be held to represent only the insolvent debtors, on the ground that, as the debtors have deposited in the Court of Insolvency the money necessary to carry out the compromise which has been sanctioned by that court, and have obtained their discharge, whatever the assignees would recover, if the bill were maintained, must be paid by them to the debtors.

For these reasons, a majority of the court are of opinion that the                                   *Bill must be dismissed.*