GEORGE W. CHIPMAN & another *vs.* MANUFACTURERS'
NATIONAL BANK & others.

Suffolk.   December 7, 1891. — March 29, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Assignment in Insolvency — Attachment — Jurisdiction in Equity.*

About two weeks before parties were adjudged insolvent under the laws of this Commonwealth, and a month before the assignment, a Massachusetts creditor attached personal and real estate of the insolvents situated in other States. There were subsequent attachments by creditors foreign to Massachusetts more than sufficient to exhaust the property. *Held,* that this court had no jurisdiction in equity in a bill brought by the assignees in insolvency against such creditor to compel him to carry on the suits, or to allow the assignees to do so on condition that the creditor was indemnified for costs and expenses.

An assignee in insolvency under the laws of this Commonwealth has the right to prevent a Massachusetts creditor from doing anything to hinder the assignment from having the effect which the statute intended it to have, but that is all; and the provision of the Pub. Sts. c. 157, § 47, on its face, is only intended to apply to proceedings in this Commonwealth.

HOLMES, J.  The plaintiffs are assignees in insolvency of Dudley Hall & Co.  The principal defendant, a national bank doing business in Boston, is a creditor of Dudley Hall & Co. Hall & Co. were adjudged insolvent on March 23, 1891.  The assignment to the plaintiffs was made on April 9, 1891.  On March 10, 1891, the defendant attached teas in New York in an action there, and it also attached land in Maine in an action

there.    The teas and the land afterwards were attached by creditors foreign to Massachusetts, upon claims more than sufficient to exhaust the property, so that no part of it or its proceeds will come to the assignees unless the suits are carried on and the defendant's attachments are preserved for their benefit. The object of this suit is to compel the defendant bank to carry on the suits or to allow the plaintiffs to carry them on, the defendant bank of course being indemnified, and to turn over to the plaintiffs whatever may be collected on execution.

*Dehon* v. *Foster*, 4 Allen, 545, goes further than the English cases in form.    *Ex parte D' Obree*, and *Ex parte Le Mesurier*, 8 Ves. 82.    But the principle upon which it goes has the same limit as that of the English cases.    It is not that the law will prevent a domestic creditor from getting paid in full unless all do.    Whatever may be the law where a creditor who has got an advantage abroad seeks to prove under an English commission, the " principle does not apply where that creditor obtains by his diligence something which did not and could not form a part of that fund," " which otherwise would have been available for the payment of all the creditors," at least when he takes no part in the English proceedings.    *Cockerell* v. *Dickens*, 3 Moore P. C. 98, 132.    *Banco de Portugal* v. *Waddell*, 5 App. Cas. 161, 167. *Selkrig* v. *Davies*, 2 Dow, 230, 249 ;    *S. C.* 2 Rose, 291.

As the debtor is subject to the jurisdiction of the court, of course it would be possible to make all his property, wherever situated, available for the creditors by compelling him to convey it to the assignees, and a creditor subject to our laws not only might be refused the right to prove unless he surrendered any advantage which he had obtained elsewhere and which otherwise the debtor might have been compelled to convey, but might be compelled by an independent proceeding to make such surrender.    That, however, is not what the principle of *Dehon* v. *Foster* means.    It only denies to the creditor the right to retain an advantage in respect of property which by force of the insolvent proceedings, or at least according to the manifest theory of the insolvent law, would have passed to the assignee but for the creditor's act.    *Dehon* v. *Foster* was put on the ground that personal property situated in Pennsylvania, but belonging to a debtor domiciled here, was intended by the statute to pass, and would pass, to his assignee in insolvency.    4 Allen,

545, 552, 554.  *Selkrig* v. *Davies*, 2 Dow, 230, 249;  *S. C.* 2 Rose, 291, 318.   A proposition which, although it has not commanded unqualified assent, (*Crapo* v. *Kelly*, 16 Wall. 610, 622, and Wharton, Conf. of Laws, § 390 *a*,) is law in England, (Dicey, Domicil, Rule 63,) and which would seem to be sound if assignees in insolvency are to be regarded as successors *per universitatem*, like executors or husbands at common law upon marriage.  *Royal Bank of Scotland* v. *Cuthbert*, 1 Rose, 462, 481.  *Selkrig* v. *Davies*, 2 Dow, 230, 248;  *S. C.* 2 Rose, 291, 317.   See *Mechanics' Savings Bank* v. *Waite*, 150 Mass. 234, 235;  Westlake's Priv. Int. Law (3d ed.), pp. 31, 32, 152–157 (§§ 134–140), 185 (§ 153) ; Wharton, Conf. of Laws, §§ 553, 555.  *Bonorum emptor ficto se herede agit*, Gaius, IV. § 35.

But all the cases agree that an assignment in bankruptcy does not reach foreign lands, and accordingly the reasoning in *Dehon* v. *Foster* is confined to personal property; and in England it is held that a creditor will not be disturbed in an attachment of such lands, because the principle on which he is interfered with is limited as stated in the language already quoted from the decision.  *Cockerell* v. *Dickens*, *ubi supra*.   For the same reason, the bankrupt himself will not be compelled to convey such lands unless the words of the act plainly require it.  *Selkrig* v. *Davies*, 2 Dow, 230, 245 ;  *S. C.* 2 Rose, 291, 311, 312.

To a majority of the court it seems to follow that the plaintiffs cannot prevail in the present case even as to the New York teas.   The Massachusetts creditor may be prevented from doing anything to hinder the assignment from having the effect which our statutes intend it to have, but that is all.   The assignees cannot claim advantages which would not have accrued to them apart from the creditor's action, or found a right simply on the fact that the creditor is within the jurisdiction and so personally subject to the orders of the court.   It is not enough to justify a decree to show that the court has the physical power to make it compulsory.   Of course the defendant will not be enjoined for the merely negative purpose of preventing it from getting payment, but only to enable the Massachusetts creditors to get the benefit of its attachment.   The only ground on which they could claim the benefit of the attachment is the assignment.   The assignment is not of the defendant's attachment, but of the property.   It would be paramount to the attachment

in equity here if there was a conflict and the attachment prevented the assignees from getting the property, but the attachment is not what prevents their getting the property, since the other attachments will do that even if this one should be declared void. It would be going beyond the intended scope of the assignment to treat it as substituting the assignees to the benefit of attachments outside of the State which they do not desire to vacate. Pub. Sts. c. 157, § 47, on its face is only intended to apply to proceedings in this State. *Bill dismissed.*

*W. A. Gaston & F. E. Snow,* for the principal defendant.
*W. B. French,* for the plaintiffs.