ALFRED H. BATCHELLER & another *vs.* NATIONAL BANK
OF THE REPUBLIC.

THOMAS E. PROCTOR *vs.* SAME.

Suffolk.  December 3, 4, 1891. — June 24, 1892.

Present: HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Insolvent Debtor — Part Payment of Debt in another State without Liability of Creditor to account to Assignee in Insolvency — Right of Creditor to prove Balance of Claim.*

A resident creditor of an insolvent debtor, who has obtained payment in part of his claim out of property of the debtor in another State, for which he would not be accountable to the assignee in insolvency, may prove the balance of his claim here without being compelled to account for the amount so received.

MORTON, J.  These cases were reserved by a single justice, on the bills, answers, and agreed facts, for the full court. We do not propose to consider whether the plaintiffs have a *locus standi* in either case. We assume for the purposes of these cases that they have.  The cases relate to the right of the defendant to prove two notes in insolvency against the estate of the plaintiffs, Alfred H. and Francis Batcheller, who were formerly partners as E. & A. H. Batcheller and Company. They are a part of six notes originally held by the defendant against the firm.  A question as to the right of the defendant to retain as against the assignees in insolvency of the firm the proceeds of

four of them was before this court in *Proctor* v. *National Bank of the Republic*, 152 Mass. 223, and was decided in favor of the defendant. In that case it was said that the bill could not be maintained for the purpose of enjoining the defendant from proving against the estate in insolvency of said firm the notes which it still held, — which are the two now before us, — or of deciding the terms on which, if at all, such notes might be proved, because the bill was not brought under the Pub. Sts. c. 157, § 15; and that, if the defendant intended to offer the notes for proof, it was for the court of insolvency to pass upon the allowance of them before the supervisory power of this court could be invoked. The notes have since been offered in proof, and have been allowed by the insolvency court. The plaintiffs now pray that said proof may be expunged unconditionally, or that it may be expunged unless the defendant will pay into the insolvency court or to the plaintiffs the money received from the notes aforesaid, or that the defendant may be enjoined from collecting on said notes more than, with what it has already received as the proceeds of the four notes, will amount to seventy-five per cent of the six notes.

It is only necessary to consider the facts so far as they relate to the cases now presented. It appears that said firm was in September, 1889, adjudged insolvent on its own petition, and that at the same time it filed a proposal to pay in composition to its creditors all debts and claims in full that were entitled to priority, and seventy-five per cent on all other claims. This was duly confirmed by the insolvency court, and the full amount required for its immediate payment in cash was deposited in court within the time limited therefor, and the said Batchellers were duly discharged from all firm debts. The assignees thereupon, in accordance with an order of the insolvency court, conveyed to said Batchellers all their right, title, and interest in and to their joint estate, except the debt of over $20,000 due from Simkinson and Company of Cincinnati in the State of Ohio, and the suit then pending in favor of the assignees against the defendant, which is the one above referred to. The funds necessary to carry out the composition were advanced by the plaintiff Proctor, and to secure him as far as possible a mortgage on this property was given to him by the plaintiffs Batcheller, and by a

sale of it and otherwise a part of said advance has been repaid, but a part still remains unpaid. To secure him still further, the plaintiffs Batcheller made in August, 1890, an assignment to him of all moneys deposited as aforesaid in the insolvency court which should remain there on October 20, 1890. The answer in each case alleges, and it must be taken as true, that after the payment of the balance due to Mr. Proctor there will be a surplus. If, therefore, either of the prayers of the plaintiff should be granted in either case, the other creditors of the firm will not be benefited, for they have all received their percentage, and the debtors have been discharged. Mr. Proctor will not be benefited, for his security is already more than sufficient to pay the balance due him. The result will be to increase, at the cost of the defendant, the amount which the debtors will themselves finally realize. For even if it should receive seventy-five per cent on the two notes, the defendant will not thereby obtain payment in full of all its notes. We have been referred to no case in which the principle of equality of distribution, which the plaintiffs rightly contend forms the basis of insolvency proceedings, has been carried so far.

The English courts hold that a commission in bankruptcy passes the title to the personal property of the bankrupt wherever it is situated; and therefore, if a foreign creditor, who has, after the issuing of the commission obtained by attachment or other legal proceedings, payment in part of his claim out of personal property of the bankrupt, seeks to share with English creditors in the distribution of the bankrupt estate, and to prove in the English bankruptcy court for the balance of his claim, that he should before being allowed to do so account for what he has thus received. For the same reason, if an English creditor obtains in a foreign jurisdiction payment of part of his claim by proceedings begun after the commission in bankruptcy was issued, he will not only be obliged to account for what he has received before he will be allowed to share with other creditors in the bankrupt estate, and to prove for the balance of his claim, but will be liable to the assignees for the amount so received. *Sill* v. *Worswick,* 1 H. Bl. 665. *Hunter* v. *Potts,* 4 T. R. 182. *M'Intosh* v. *Ogilvie,* 4 T. R. 193, *n. Ex parte D'Obree,* and *Ex parte Le Mesurier,* 8 Ves. 82. *Solomons* v. *Ross,* 1 H. Bl.

131, *n.* *Jollet* v. *Deponthieu,* 1 H. Bl. 132, *n.* *Neale* v. *Cottingham,* 1 H. Bl. 133, *n.* *Phillips* v. *Hunter,* 2 H. Bl. 402. *Selkrig* v. *Davies,* 2 Dow, 230, and 2 Rose, 291. *Cockerell* v. *Dickens,* 3 Moore, P. C. 98. *In re Bugbee,* 9 Nat. Bank. Reg. 258, might well stand on the ground thus indicated, which has much in reason to commend it.

On the other hand, it is held in England that if either the foreign or the domestic creditor has obtained his payment out of property which would not pass under the commission in bankruptcy, as, for instance, real estate in a foreign jurisdiction, or if the attachment was made before the commission issued, then he will not be obliged to account, but will be permitted to prove unconditionally for the balance of his claim. Cases *supra.* That is, as we understand it, the principle of the English cases is that a domestic creditor who has obtained payment in part of his claim out of property of the debtor in a foreign jurisdiction for which he would not be accountable to the assignee, will be allowed to prove the balance of his claim without being compelled to account for what he may have thus received. We are of opinion that this principle applies to the case at bar. In *Proctor* v. *National Bank of the Republic, ubi supra,* this court held that the defendant was not accountable to the assignee for the proceeds of the sale of the other notes, and that it could properly and lawfully retain them as against the assignee. To require it now to account for them would be in effect to compel it to account to the plaintiffs, who are the successors of the assignees, for that to which it was there held the assignees had no claim. See also *Chipman* v. *Manufacturers' National Bank,* 156 Mass. 147.

We think the proof was rightfully allowed, and that the

*Petitions must be dismissed.*

*S. Williston,* for the plaintiffs.
*L. L. Scaife,* for the defendant.