*J. Bliss,* for the plaintiff.

*J. E. McIntire,* for Catharine L. Simons.

---

GEORGE W. CHIPMAN *vs.* FRANCIS H. PEABODY & others.

Suffolk.   January 25, 26, 1893. — June 23, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Insolvency —Assets which pass to an Assignee — Preference — Conflict of Laws.*

When there are two insolvencies of the same person in different jurisdictions, the title of the assignee to the land of the debtor situated in one jurisdiction must be determined by the law of the place where the land is situated ; and where a mortgage of land in Maine was given by a Massachusettes debtor to a Massachu-

setts creditor to secure a pre-existing debt, within six months of insolvency pro-
ceedings in Massachusetts, which mortgage by the law of Maine was good as
against the same assignee appointed under the law of Maine, it was *held,* that the
mortgage could not be avoided by him as assignee in Massachusetts.

BILL IN EQUITY, brought by the assignee in insolvency in
Massachusetts of the joint and separate estates of Dudley Hall
and Dudley C. Hall, to compel the defendant Francis H. Pea-
body to assign to the plaintiff a mortgage of land in Maine
given to him by one of the insolvents. The facts are stated in
the opinion. The case was heard upon the defendants' demurrer
before *Lathrop,* J., who reserved it for the consideration of the
full court, upon the question whether, upon the allegations in
the bill, the plaintiff was entitled to any relief. If so entitled,
the case was to stand for further hearing; otherwise the bill was
to be dismissed.

*J. Lowell,* (*J. Lowell, Jr.* with him,) for the defendants.

*G. O. Shattuck & W. B. French,* for the plaintiff.

FIELD, C. J. This case comes before us upon demurrer to
the plaintiff's bill. It appears from the bill that Dudley Hall
and Dudley C. Hall were partners, under the name of Dudley
Hall and Company. We infer that both were inhabitants of this
Commonwealth. They filed a voluntary petition in insolvency
in the Court of Insolvency for the County of Middlesex, in this
Commonwealth, and were duly adjudged insolvent debtors, and
the plaintiff and one Haskins were appointed assignees of the
joint and separate estates of said partners, and we infer that an
assignment of their joint and separate estates was duly made to
them pursuant to Pub. Sts. c. 157, §§ 44, 46. Haskins has since
died, and the plaintiff is now the sole assignee. On December
17, 1890, Dudley C. Hall, then being insolvent, conveyed by
a deed of mortgage to Frank E. Peabody, one of the defendants,
about twenty-eight thousand acres of timber land situated in the
county of Aroostook, in the State of Maine. This mortgage
was made to secure a pre-existing indebtedness of the firm of
Dudley Hall and Company to the firm of Kidder, Peabody,
and Company, in which Frank E. Peabody was a partner with
the other defendants, and Kidder, Peabody, and Company
had, when the mortgage was made, reasonable cause to believe
that said Dudley C. Hall and said Dudley Hall and Company
were insolvent, and that the conveyance was made in fraud of

the laws of Massachusetts relating to insolvency. On March 10, 1891, this land was attached on mesne process by the Manufacturers' National Bank of Boston, and by Stetson and Company of Bangor, Maine, on writs returnable to the Supreme Judicial Court of Maine. On May 9, 1891, certain creditors of Dudley C. Hall filed a petition in insolvency against him in the Court of Insolvency for the County of Penobscot in Maine, and he was duly adjudged an insolvent debtor; the plaintiff and said Haskins were duly appointed by that court assignees of his estate, and we infer that an assignment of his estate was duly made to the assignees. The plaintiff is now the sole assignee of that estate. It is alleged that by the laws of Maine the attachments on this land were discharged by reason of this assignment. When these attachments were made, the statutes of Maine did not permit proceedings in insolvency against a non-resident debtor, and we infer that Dudley C. Hall was never an inhabitant of that State, but on March 27, 1891, the Legislature of Maine amended the statutes relating to insolvency by an amendment which took effect on May 2, 1891, whereby non-resident debtors holding personal property or real estate within that State could be put into insolvency, and it was under this amendment that Dudley C. Hall was adjudged an insolvent debtor in that State. By the statutes of Maine, conveyances of property by the debtor in fraud of the insolvency laws of that State can be avoided by the assignee if made within four months of the filing of the petition by or against the debtor; by the statutes of Massachusetts, such conveyances can be so avoided if made within six months of the filing of such a petition. The mortgage to Frank E. Peabody was made within six months of the filing of the petition in Massachusetts, but more than four months before the filing of the petition in Maine.

The bill then alleges as follows: "The plaintiff, as assignee of the joint and separate estates of Dudley Hall and Dudley C. Hall under the deed of assignment from the judge of the Court of Insolvency for the County of Middlesex, in this Commonwealth, has no standing in the courts of the State of Maine, and cannot maintain an action either at law or in equity to test the validity of the conveyance from said Dudley C. Hall to the defendant, Frank E. Peabody, nor can the plaintiff as assignee of the individual estate of Dudley C. Hall, under the deed of assignment

from the Court of Insolvency for the County of Penobscot and State of Maine, maintain an action at law or in equity against said defendant in the State of Maine, because the conveyance from said Dudley C. Hall to the defendant Frank E. Peabody was made more than four months before the proceedings in insolvency were instituted in said Court of Insolvency for the County of Penobscot against said Dudley C. Hall."

We cannot take judicial notice of the statutes of Maine, and do not here undertake to construe them. We merely state the effect of them as alleged in the bill. The assignment by the Court of Insolvency in Massachusetts would not of its own force convey to the assignees appointed by that court the title to the land of Dudley C. Hall situated in Maine, unless the laws of Maine gave it such an effect, and the bill must be taken to allege that this assignment did not convey to them the title to this land. *Eddy* v. *Winchester*, 60 N. H. 63. *Osborn* v. *Adams*, 18 Pick. 245. *Taylor* v. *Columbian Ins. Co.* 14 Allen, 353.

The contention is that it is the object of our statutes relating to insolvency to vest in the assignee all the property of the debtor within and without the Commonwealth, not specifically excepted, and that, although the assignment may not of its own force operate to convey real property situated without the Commonwealth, yet the debtor can be compelled, under Pub. Sts. c. 157, § 74, to execute to the assignee conveyances of any part of his estate, real or personal, although it is situate without the Commonwealth. See Pub. Sts. c. 157, §§ 46, 70, 75, 93, 96, 98; St. 1886, c. 322. We assume, without deciding it, that it is the intention of our statutes to reach the real property of the debtor without the Commonwealth if it can be done, and that this may sometimes be done by means of a conveyance executed by him, and that the remedy provided by § 75 is not exclusive, but that a court of equity may compel such a conveyance. We understand, however, that by force of the insolvency proceedings in Maine, the title to this land, whatever it was, held by Dudley C. Hall at the time of filing the petition against him, vested in the assignees appointed there. It happens that the same persons were appointed assignees in Massachusetts and in Maine, but they might have been different persons. Dudley C. Hall is not a party to the present suit, and the plaintiff does not seek any conveyance from him. The plaintiff, as assignee in

Massachusetts, seeks an assignment of the mortgage given to Frank E. Peabody, although not the assignment of the mortgage debt. If he should obtain it, he would then apparently hold the mortgage as assignee in Massachusetts, and the equity of redemption as assignee in Maine. If the effect of such an assignment would be to render the mortgage void, or if the mortgage should be declared void, the result, so far as appears, would be that, as assignee in Maine, he would hold the land free from the mortgage. If the assignees were different persons, could it be contended that, if the mortgage was assigned to the plaintiff as assignee in Massachusetts, he could keep the mortgage alive and foreclose it, unless the assignee in Maine should pay him the amount of the debt it was given to secure? By the statutes of Maine the mortgage is good as against the assignees appointed there.

Whatever may be the general rule in bankruptcy or insolvency proceedings as to foreign lands, we think that when there are two bankruptcies or two insolvencies of the same person in different jurisdictions, the title of the assignee to the land of the debtor situated in one jurisdiction must be determined by the law of the place where the land is situated. As by the law of Maine this mortgage is good against the plaintiff as assignee in Maine, we are of opinion that it cannot be avoided by him as assignee in Massachusetts. See *Chipman* v. *Manufacturers' National Bank*, 156 Mass. 147; *Batcheller* v. *National Bank of the Republic*, 157 Mass. 33.          *Bill dismissed.*