Griggs vs. Docter and others.

---

GRIGGS, Respondent, vs. DOCTER and others, Appellants.

*December 11, 1894 — January 8, 1895.*

*Injunction against garnishment in another state: Judgment: Recovery of money collected.*

1. Residents of this state may be restrained by our courts from prosecuting garnishment proceedings commenced by them in a foreign state for the purpose of evading our exemption laws and subjecting to their claim the exempt earnings of another resident of this state.

2. The error, if any, in such a case in enjoining the defendants "so long as the plaintiff remains a resident of this state," instead of for such time as he, being a resident of this state, provides for the entire support of a family within the state, was obviated by subsequent words of the judgment limiting the operation of the injunction to exempt earnings.

3. It was proper in such a case to adjudge that plaintiff recover a sum which defendants, in violation of the preliminary injunctional order, had collected by the garnishment proceedings.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

Action in equity to enjoin the prosecution of garnishment proceedings in the state of Iowa. The plaintiff is a married man, with a family dependent upon him, residing in this state, and is in the employ of the Chicago, Milwaukee & St. Paul Railway Company. The defendants, who are also residents of Wisconsin, brought action against him in Iowa, and garnished his exempt earnings in the hands of the railway company. Pending these proceedings this action was commenced in the circuit court for Milwaukee county, and an interlocutory injunctional order was granted and served on the defendants, restraining them from collecting any of the exempt wages of the plaintiff by said garnishee proceedings during the pendency of this action. Thereupon the defendants released their garnishment proceedings in Iowa, but took judgment in the main action, and issued execution thereon, and garnished the railway company on the execution. The railway company was adjudged by the Iowa court to pay $86 (which appeared by their answer to be the amount of their indebtedness to the plaintiff), and the same was applied on the defendants' judgment against the plaintiff. Of this amount $60 was exempt under the laws of Wisconsin.

Afterwards this action was tried. There is no bill of exceptions. The court made findings in accordance with the facts as above stated, and also found that the Iowa suit and

garnishment proceedings were prosecuted with intent to evade the exemption laws of Wisconsin, and that the said $60 was levied upon and taken by the defendants in disregard of the injunctional order, knowing it to be exempt, and knowing that such taking was contrary to the injunctional order.   Judgment for the plaintiff was rendered — *first*, perpetually enjoining the defendants from prosecuting any proceeding against the plaintiff outside this state, so long as the plaintiff remains a resident of this state, whereby the earnings of the plaintiff which are exempt under the laws of this state shall be garnished or levied upon in payment of any judgment against the plaintiff; *second*, for the recovery of the $60, with interest, realized by the defendant upon the Iowa garnishment proceedings; *third*, for the costs of the action.   The defendants appeal.

For the appellants the cause was submitted on a brief signed by *Bloodgood, Bloodgood & Kemper*, attorneys, and *Francis Bloodgood*, of counsel.

For the respondent there was a brief by *Henderson & Williams*, and oral argument by *S. M. Williams*.

WINSLOW, J.   There being no bill of exceptions, the only question presented is whether the pleadings and findings sustain the judgment.   *Wille v. Bartz*, 88 Wis. 424.   This question must be answered in the affirmative.   The pleadings and findings show, without dispute or exception, that the defendants, in order to evade the exemption laws of the state, commenced garnishment proceedings in a foreign state in order to subject the exempt earnings of a resident of this state to their claims as creditors, and, in defiance of the interlocutory order of the court, actually appropriated $60 of the plaintiff's exempt wages to the payment of their debt. Why the court should not have administered the relief which it did administer, we are at a loss to perceive.   The jurisdiction of equity in actions of this nature is well established.   High, Inj. (2d ed.), § 106.

It is said that the judgment is erroneous because it enjoins the defendants so long as the plaintiff remains a resident of this state, whereas it should be limited to such time as the plaintiff, being a resident of this state, provides for the entire support of a family within the state. If there is anything in this point, the objection is obviated by the subsequent words of the judgment, which limit the operation of the injunction to those earnings which are exempt.

That part of the judgment which adjudges the recovery of the $60 which the defendants collected by their garnishment in the Iowa court in disobedience to the preliminary injunctional order, was eminently proper. A court of equity would hardly deserve that name if it turned the plaintiff out of court with a bare injunction, and commanded him to seek his remedy by another action for the moneys thus wrongfully converted in contempt of an order of the court made in this very action.

*By the Court.*— Judgment affirmed.

As to injunction against suit in foreign jurisdiction, see note to *Thorndike v. Thorndike,* 21 L. R. A. 71.— REP.