Belknap,
June, 1896.

### THOMPSON, *Assignee*, v. TETLEY.

An assignee in insolvency cannot recover funds which a creditor of the insolvent, without the aid or co-operation of the latter, has obtained in satisfaction of his demand by suit brought in another state prior to the insolvency proceeding.

ASSUMPSIT, by the assignee in insolvency of the Laconia Manufacturing Company, to recover $457.53. Facts found by the court. December 50, 1893, the Laconia Manufacturing Company, a corporation organized under the laws of this state, was indebted to the defendant, a resident of Laconia, in the sum of $850 upon an open account, and was insolvent. On that day the defendant, not knowing but having reasonable cause to believe that the company was insolvent, in good faith and with no intent to evade the insolvency law, assigned his account against the company to the A. S. & B. Co. of Massachusetts, as collateral

security for his indebtedness to them, at their request and for the sole purpose of securing the same. January 3, 1894, the A. S. & B. Co. brought suit in Illinois upon the account against the Laconia company, and summoned as trustees their, debtors in that state. The trustees disclosed $531 in their hands belonging to the Laconia company,'and March 24, 1894, judgment was rendered against them for that amount, less $28 for their costs. The judgment was paid to the A. S. & B. Co., and on April 30, 1894, they credited the defendant with $457.53, the net sum realized by them.

January 29, 1894, a petition in insolvency was filed against the Laconia company. On February 12, it was adjudged insolvent, and February 27, the plaintiff was appointed assignee.

*Frank M. Beckford* and *E. A. & C. B. Hibbard*, for the plaintiff.

*Jewett & Plummer*, for the defendant.

PIKE, J. It is immaterial that the defendant knew or had good reason to believe that the Laconia company was insolvent. Assignments of claims against an insolvent debtor are not within the provisions of the 26th section of the insolvency law. P. S., c. 201, s. 26. That section relates exclusively to transfers of the debtor's property.

Assuming without inquiry that, as the plaintiff claims, the rights of the parties are exactly the same as they would be if the defendant instead of acting through the agency of the A. S. & B. Co. had himself instituted and prosecuted to judgment the suit in Illinois, and had directly and personally received the money, the action cannot be maintained. The satisfaction of a creditor's demand against an insolvent debtor by the operation of the law of this state (*Hurlbutt* v. *Currier, ante, p.* 94) or of any other state, without the debtor's co-operation or consent, cannot be a wrongful preference or payment. The exercise of a right which the law gives cannot be unlawful. The statute of insolvency has no extra-territorial force. It could neither dissolve the defendant's lien obtained by his action in Illinois upon the Laconia company's property there found, nor afford any objection to the prosecution of the suit to final judgment. *Sturtevant* v. *Armsby Co.*, 66 N. H. 557, and cases cited; *Barth* v. *Backus*, 140 N. Y. 230.

By that judgment the defendant's title to the money is conclusively established. *Lawrence* v. *Batcheller*, 131 Mass. 504; *Proctor* v. *Bank*, 152 Mass. 223; *Marine Credit Co.* v. *Hunter*, L. R. 3 Ch. 479. There is no statute making the title so acquired voidable by the assignee, if such a statute could be constitutionally enacted by a state legislature. The question whether the

prosecution of the Illinois suit might or would upon seasonable application have been enjoined (*Dehon* v. *Foster*, 4 Allen 545,— *S. C.*, 7 Allen 57; *Cole* v. *Cunningham*, 133 U. S. 107) is not raised.

*Judgment for the defendant.*

PARSONS, J., did not sit: the others concurred.