LEEMAN, Respondent, vs. McGRATH, Appellant.

*November 12—November 28, 1902.*

*Malicious prosecution: Garnishment: Abuse of process: Special verdict.*

1. In an action for damages for an alleged malicious garnishment
   of plaintiff's wages, the special verdict failed to contain a find-
   ing of malice, or of want of probable cause. *Held,* that the ver-
   dict was insufficient to sustain a judgment for plaintiff.
2. A., honestly believing B. was indebted to him, in order to evade
   the exemption laws of Wisconsin, assigned the account to C.
   for the purpose of sending it to another state for collection by
   garnishment. Thereafter garnishment was unsuccessfully at-
   tempted. Such assignment was made before ch. 57, Laws of
   1893, prohibiting such an assignment, went into effect. *Held,*
   that such facts were insufficient to show actionable abuse of
   process.

APPEAL from a judgment of the circuit court for Milwau-
kee county: LAWRENCE W. HALSEY, Circuit Judge. *Re-
versed.*

This is an action to recover damages for an alleged mali-
cious garnishment of the plaintiff's wages in the state of Iowa.
There is no bill of exceptions. The case was tried before a
jury, and the following special verdict rendered:

"(1) Did the defendant, being a resident of Milwaukee,
Wisconsin, on or about the 18th day of August, 1892, deliver
to the Northwestern Collection Agency, for collection, a bill
against the plaintiff for $15.35 ? A. (by direction of court)..
Yes. (2) Did the defendant subsequently, at the suggestion
of said collection agency, assign said bill to one Webster ?
A. (by direction of court). Yes. (3) Was said assignment
made with the understanding and agreement that said as-
signees or some other person, who collected said bill, or at-
tempted to do so, by taking the same to Sioux City, Iowa,.
bringing suit thereon, and garnishing the C., M. & St. P. R..
R. Co. on account of wages due from said company to said!

plaintiff, whether the same are exempt from seizure and garnishment under the laws of Wisconsin or not? A. Yes. (4) Was the plaintiff at that time a married man, and the head of a family, in the state of Wisconsin? A. (by consent of counsel). Yes. (5) If you answer the last interrogatory in the affirmative, did the defendant know that plaintiff was a married man, and the head of a family, in the state of Wisconsin? A. (by consent of counsel). Yes. (6) If you answer the third interrogatory in the affirmative, did one McMillan, an agent, employee, or assignee of said collection agency, bring suit upon said bill, and attempt to garnish the C., M. & St. P. R. R. Co. in his own name, but for the benefit of the defendant in whole or in part? A. Yes. (7) Was said suit and garnishment brought on for trial before the justice of the peace in whose court said suit and garnishment was pending, the plaintiff being present, and defending said suit and garnishment, and did the plaintiff prevail upon said trial, and was said garnishment dismissed and dropped? A. (by consent of counsel). Yes. (8) In whosesoever name said suit and garnishment was entitled, were the same instituted and prosecuted for the benefit of the defendant in this action, in whole or in part? A. Yes. (9) Were said assignments, one or more, executed for the purpose of garnishing the C., M. & St. P. R. R. Co., by reason of its indebtedness to the defendant [the plaintiff in this action], by way of evading and avoiding the exemption laws of the state of Wisconsin as to wages due to a married man and the head of a family in the state of Wisconsin? A. Yes. (10) In what sum do you assess the plaintiff's damages by reason of said attempted evasion and avoidance of the exemption laws of the state of Wisconsin, in relation to his wages due from said railroad company, he being a married man and the head of a family, and the sending of such claim to Sioux City, Iowa, for collection? A. $200.00. (11) Was the plaintiff actually indebted to the defendant in the sum of $15.35, or in any other sum, at the time of the commencement of said suit and garnishment? A. No. (12) If you answer the last interrogatory in the negative, did the defendant honestly believe and suppose that the plaintiff was honestly indebted to him for the amount claimed, and sought to be recovered in and by suit and garnishment? A. Yes."

Upon this verdict judgment was rendered for the plaintiff for the damages found by the jury, with costs, and the defendant appeals.

For the appellant there was a brief by *J. W. Wegner*, attorney, and *Leo Torbe*, of counsel, and oral argument by *Mr. Torbe*.

For the respondent the cause was submitted on the brief of *H. L. Buxton*, attorney, and *K. Shawvan*, of counsel.

WINSLOW, J. · The verdict is very plainly insufficient to sustain any judgment in favor of the plaintiff. It does not show a cause of action for malicious prosecution, because neither malice nor want of probable cause is found.

The respondent claims that it shows actionable abuse of process, but this claim is equally untenable. It simply shows that the defendant, honestly believing that the plaintiff owed him a small account, assigned the account to another at some time after August 18, 1892, for the purpose of sending the same to Iowa for collection by garnishment in order to evade the exemption laws of Wisconsin, and that such garnishment was thereafter unsuccessfully attempted. These facts do not show actionable abuse of process. In the absence of some statutory prohibition, or the express inhibition of a court of equity, the defendant has a legal right to assign the claim to another, and send it to another state for the purpose of bringing garnishment proceedings in that state for the very purpose of securing the advantage afforded by the exemption laws of Iowa. This was the privilege that was open to him in common with all citizens of the United States. *Harwell v. Sharp*, 85 Ga. 124, 11 S. E. 561, 8 L. R. A. 514. There was no statute in this state forbidding such a proceeding until the passage of ch. 57, Laws of 1893 (Stats. 1898, sec. 4438*f*), which went into effect March 29, 1893. Whether the violation of this statute alone would constitute an actionable wrong for

which damages could be recovered in a civil action is a question we do not have to consider, as the complaint alleges that the assignment of the claim was made before the 1st day of March, 1893, and that thereupon the claim was taken to Iowa for the purpose of collection by action. There is no finding in the verdict which contradicts this allegation; hence it stands as a fact in the case that all the acts which are denounced by ch. 57, Laws of 1893, as unlawful, occurred before that act went into effect. In *Griggs v. Docter,* 89 Wis. 161, 61 N. W. 761, it was held that a court of equity might properly enjoin an attempt to evade the exemption laws of this state by the prosecution of garnishment proceedings in a foreign state against one of our own residents. This principle, however, is of no avail here. A court of equity enjoins the commission of many acts for the commission of which a court of law could give no damages.

*By the Court.*—Judgment reversed, and action remanded with directions to render judgment upon the verdict for the defendant.