Pdtnam, J.,
delivered the opinion of the Court.
*157 This action is brought to recover the damages which the plaintiff sustained by having his goods attached, taken and detained on mesne process, at the suit of the defendant, which suit was dismissed.
At common law, if the plaintiff failed in his suit, he was fined or amerced pro falso clamore, but was not liable to pay costs, eo nomine, to the prevailing party. The penalties inflicted were intended to prevent unnecessary litigation; and they were sometimes so severe, that the party was entitled to the writ of moderato misericordia for relief. Fitz. N. B. 75. For a long time the prevailing party, whether plaintiff or defendant, was entirely without remedy for costs.
Many statutes were passed at various times upon this subject. The statute of Gloucester, 6 Edw. 1, provided * that, where the party recovered damages, he should [ * 195 ] háve costs.
The statutes relating to costs, being construed strictly, embraced only the expensa litis, not the money expended on account of the party himself, or for his own time; and they did not extend to defendants. Something like reciprocity was enacted by the statute of 4 Jac. 1, c. 3, enabling defendants to recover costs where, if the plaintiff had recovered, he would have been entitled to them. But this statute did not extend to a variety of cases, where the defendant vanquished his antagonist. Where a plaintiff, for example, caused a defendant to be arrested, and then discontinued his suit or oecame nonsuit, the defendant was without remedy for his costs, until the statute of 8 Eliz. c. 2.
During all that period we hear of no suit by one who had prevailed against a plaintiff, to recover damages, unless upon the ground that it was malicious and vexatious; and it would not be reasonable to expect that such a suit would be maintained, after provision was made for the case supposed. And so is the fact. No case has been cited from English or American decisions to that point, except one incidentally mentioned by Chief Justice Parsons, while giving the opinion of the Court, in the case of Bond vs. Ward. It does not appear when, or by what judges, or in what court, the decision of the case of Proctor vs. Rice, referred to by the chief justice, was made, nor that the case was argued; and the point said to have been decided was not at all material to the decision in the principal case. It was mentioned cursorily, and not with any remarks of approbation. We do not, therefore, consider this as a binding authority.
The question considered in the case of Hayden vs. Shed, which was cited with some reliance at the bar, was whether trespass could *158 be maintained against one who had acted in virtue of lawful process, which was subsequently abated. And it was [ * 196 J determined in the negative, the * remedy for such an injury being in case, and not in trespass. But it was not decided that such facts, as have been proved in the case at bar, would entitle one to maintain an action of the case. The Court seem rather to have had their mind drawn to the case where a defendant had acted maliciously; observing, that “ It made no difference that the defendant knew or might be supposed to know of the pendency of the former suit, which was the cause of abating the second; although that would be a material circumstance in an action of the case for a malicious prosecution. If,” says the Court, “ one,, knowing that he has no cause of action or complaint, cause another to be arrested, the latter may maintain an action upon the case for this injury.” In the case at bar, the defendant had a good cause of action, and he acted without malice. The case referred to in Bond vs. Ward, upon which we have remarked, is then the only one to be found, in our books, to the point now before the Court.
It has been urged by the counsel for the plaintiff, that as no attachment of property on mesne process is known in England, no such cause of action arises there, and therefore it is that no such action as this is to be found there. But the person may be arrested there, and the injury to the person is of greater consequence, in that country as well as in this, than an injury to property. And unless the arrest has been made under such circumstances as prove malice, it has not been there or here considered as a sufficient cause of action.
In the case at bar, no malice is imputed to the defendant. Anxious to recover a considerable debt, he took those measures, and those only, which under the best advice he supposed adapted to that purpose, without any apparent desire to harass or vex his debtor. Undoubtedly the present plaintiff has sustained considerable loss, in consequence of the suits which the defendant instituted. But it must not be forgotten, in this part of the case, that the defend- [ * 197 ] ant has never to this day obtained payment of his * debt, notwithstanding all his exertions. The misfortunes of the plaintiff have arisen from his pecuniary embarrassments, and not from any abuse of the processes of law, to which the defendant had recourse.
The process in East Florida was not liable to be defeated by any rules that we know, in consequence of the suit which had been commenced here. For the pendency of an action in a foreign country is not a good plea, in abatement or bar, to an action for the *159 same cause here. And in point of fact, of the eight notes, seven only were originally sued here, and of these one was struck out of the declaration; and in regard to those, there seems not to have been any color of objection.
But we go upon the ground that malice on the part of the defendant is a necessary ingredient in an action of this nature; and that it is lawful for any man to enforce his supposed right by any lawful process; formerly under the penalty of fines and amerciaments for the use of the government, if the claim was not well founded; and at this day under the liability of the payment of costs to the adverse party prevailing. The opinion of the Court is, that the nonsuit must stand.

Costs for the defendant.