HENRY R. THORNTON *vs.* SHUBAL P. ADAMS & another.

In an action upon a bond given by a judgment debtor for the liberty of the prison limits, the plaintiff has the burden of proving a breach.

DEWEY, J. This is an action upon a bond given by a judgment debtor on his arrest on an execution. The plaintiff has in his declaration set forth at large the condition of the bond, and assigned certain breaches of the same, and the defendant in his answer directly denies the allegations made by the plaintiff in assigning such breaches. Upon an issue to the jury, the plaintiff introduced the bond, the execution of which was admitted; but offered no evidence to sustain his allegations as to

Thornton *v.* Adams & another.

the breaches of the condition of the bond; and the question here is whether the plaintiff must in such case proceed to the proof of his allegations.

It is not necessary to consider how the burden of proof would be, or whether any evidence would be required to be introduced by the plaintiff in the first instance, in a suit upon a mere money bond given to secure the payment of a certain stipulated sum of money at a future day. The production of the bond in such case by the obligee, like the production of a promissory note of hand for the payment of money which was overdue, would be *prima facie* evidence of non-fulfilment of the contract. Of substantially the same character, though more nearly approaching the present case, was that of *Mc Gregory* v. *Prescott*, 5 Cush. 67, cited by the plaintiff's counsel. That was a case of a special executory contract, and not, like the present, a case of a penal bond, whose whole virtue depends upon the condition, and where the plaintiff has specially alleged such breach as the foundation of his action. The case of *Gray* v. *Gardner*, 17 Mass. 189, was also a case of a simple contract or promise to pay money, but with a condition annexed that upon the happening of a certain event the money should not be paid, and the court very properly held that the defendant, if he would avoid the payment of the money stipulated to be paid, must show the happening of the event that was to avoid the liability to pay the money. The further remark made by the court, in illustrating the question before them, by reference to a bond with a condition—"if the obligor would avoid the bond, he must show the performance of the condition"—must be taken with some qualification, and the proposition of the burden resting on the defendant of showing in the first instance the performance of the condition is certainly not one of universal application to penal bonds.

In a case like that before us, there is no primary duty to pay money, defeasible only upon the happening of a certain other event; but it is merely a stipulation to remain within the limits of the prison yard, and to surrender himself at the expiration of ninety days, if not previously discharged. Before any lia-

bility attaches to the defendant, there must have been a breach of the precise stipulations contained in the condition of the bond. The plaintiff so assumed in his declaration, averring certain breaches of those stipulations. These being denied by the defendant, the plaintiff must proceed by proper evidence to show the breaches thus assigned in his declaration. We find the subject of pleading and evidence, in reference to breaches thus assigned, more frequently stated under the head of actions on covenants. In 1 Greenl. Ev. § 74, it is said, " the obligation of proving any fact lies upon the party who substantially asserts the affirmative of the issue." Among the illustrations put by Mr. Greenleaf is this : " In an action of covenant for not repairing, where the breach assigned was that the defendant did not repair, but suffered the premises to be ruinous, and the defendant pleaded that he did repair and did not suffer the premises to be ruinous, it was held that on this issue the plaintiff should begin." In 2 Greenl. Ev. § 236, it is said, " the breach also must be proved as laid in the declaration." Sergeant Williams, in a note to 1 Saund. 58, in reference to actions upon bonds, says, " If the defendant plead to issue, the jury upon the trial must assess damages for such of the breaches assigned as the plaintiff shall prove to have been broken." 1 Saund. Pl. & Ev. (2d ed.) 673, seems to be to the like effect.

In a case of a penal bond, with a condition like the present, where no primary duty exists to pay money or to transfer property to the other party, or the like, but the whole cause of action consists in the defendant's having violated his engagement to remain a true prisoner, and surrender himself at the jail at the expiration of ninety days; in the opinion of the court the obligation of proving the breach assigned lies upon the party asserting such breach. The ruling of the court of common pleas was correct. *Exceptions overruled.*

*A. F. L. Norris,* for the plaintiff.

*W. S. Gardner,* for the defendants.