## MATHEWS v. BALDWIN.

Where the plaintiff in an execution, issued upon the foreclosure of a chattel mortgage, caused it to be levied upon the mortgaged property, with no object in view but the collection of the execution, and under an honest belief that such property was subject thereto, he was not liable in damages for an alleged malicious abuse of this process, even if as matter of law, under the facts as they existed, such belief was not well founded, and it was also true that he caused the officer, in making the levy, to commit a trespass in order to obtain possession of the property, and was himself, both at and after the time of the levy, guilty of other unlawful acts in procuring the levy to be made and in seeking to render it effectual. If any liability was thus incurred, the remedy was not an action of the nature above indicated.

Submitted April 21, — Decided May 22, 1897.

Action for damages. Before Judge Sheffield. Randolph superior court. May term, 1896.

*W. C. Worrill*, for plaintiff.

LUMPKIN, P. J. An action was brought against M. A. Baldwin for the alleged malicious abuse of process. It appeared on the trial, that a chattel mortgage creating a lien upon a cow had been assigned to the defendant, and that he foreclosed the same and caused it to be levied upon the mortgaged property, the same at the time of the levy being in the possession of the plaintiff, who was not the mortgagor. The evidence in the record is voluminous and complicated; and, taking it all together, it would be by no means easy to determine whether, at the time of the levy, the property was or was not still subject to the mortgage. We have, however, after a careful examination of all the testimony, reached the conclusion that it demanded a finding that Baldwin, in causing the levy to be made, did so under an honest belief that the property was subject, and that his only purpose was to collect the amount due him on the mortgage. It did not appear that he was maliciously either using or abusing the process for the purpose of harassing or annoying the plaintiff. This being so, there would be no difficulty at all in holding that he was not liable in the present action, if the levy was made in the usual manner and unaccompanied by any trespass or other unlawful act. There was, however, evidence tending to

show that Baldwin caused the constable to break open a stable in order to obtain possession of the cow, and that he used offensive and insulting language to the plaintiff on that occasion. There was also other evidence tending to show that after the officer had taken possession of the cow, he delivered her to Baldwin, and that the latter refused on demand to disclose where the cow was, and thus temporarily prevented the plaintiff in the present action, who had filed a claim in resistance to the levy, from replevying the property. The evidence for the defendant tended to show that he had not been guilty of any of the above mentioned improper acts. The court directed a verdict for the defendant; and therefore, in dealing with the case, the question to be determined is whether or not the plaintiff was entitled to a recovery if the evidence on her side presented the truth of the case.

If Baldwin did the acts above mentioned, they were, of course, unbecoming and unlawful; but we are unable to see how they constituted a malicious abuse of the process in question. As stated above, the evidence shows conclusively that his only object in having the levy made was to collect the execution, and that he in good faith believed the cow was subject to it. Granting that he was mistaken as to these matters, it still remains true, we think, that he was not maliciously abusing the process. It would never do to hold that a party causing a levy to be made could be subjected to an action of this kind, merely because it turned out that he had erroneously proceeded against property not legally subject to his execution. In other words, a man in good faith seeking to enforce a supposed right should not be mulcted in damages, as would be just and proper in a case where his conduct was actually malicious. Whatever liability, if any, Baldwin may have incurred in causing the stable to be broken, or in using offensive language to the plaintiff, or in concealing the cow after the levy, if he in fact did these things or any of them, and whatever remedy the plaintiff may have as to these matters, we are satisfied that the present action was not sustainable, and that there was no error in directing a verdict in favor of the defendant. *Judgment affirmed. All the Justices concurring.*