# Iron City Mining Co., *et al., v.* Hughes.

*Action on the Case of Damages to Land.*

[DECIDED MAY 30, 1905.]

1. *Pleading; Actions; Joinder.*—Claims for distinct and independent torts of the same nature, and upon all of which the same judgment may be given, can be joined in separate counts in the same action, but separate and distinct causes of action cannot be joined in the same count of a complaint.

2. *Bill of Exceptions; Time Within Which Should be Signed.*—A bill of exceptions, not signed within the time required by law will on motion be stricken from the record.

APPEAL from Calhoun Circuit Court.

Heard before the Hon. JOHN PELHAM.

This action was brought by the appellee, James A. Hughes, against the appellant, and sought to recover

[Iron City Mining Co. *et al.* v. Hughes.]

damages resulting from acts alleged to have been done by the defendant on its own premises. The complaint contained several counts, to some of which demurrers were interposed, on grounds, among others, that the counts, respectively, joined claims for separate and distinct damages. The demurrers were overruled, and on issue joined there was verdict and judgment for the plaintiff. On the 12th day of January, 1904, time was granted for signing a bill of exceptions, to twenty days thereafter. On February 5th, the time was further extended for thirty days from that date. On the 3rd day of March, the time was further extended for thirty days from that date. The bill was signed on the 9th day of March, 1904. On the appeal, a motion was made to strike the bill of exceptions, on the ground that the extension granted on the 5th day of February, being made after the expiration of the time allowed by the previous order, was void.

McCARTY & MERRILL, for the appellants, on demurrers, cited:—*L. & N. R. R. Co. v. Cofer*, 110 Ala. 491; *Dusenbury v. R. R. Co.*, 94 Ala. 413.

MATTHEWS, MARTIN & MATTHEWS, for appellee.—On motion to strike bill of exceptions.—*Bass Furnace Co. v. Glascock*, 86 Ala. 244. On demurrer.—*Tenn. C. & I. Co. v. Hamilton*, 100 Ala. 252.

ANDERSON, J.—While, under our system of pleading as well as under the common law, counts for distinct and independent torts, of the same nature, and upon all of which the same judgment was to be given, could be joined in separate counts in the same action, there is no law permitting the plaintiff to unite in one count several torts, constituting distinct and separate causes of action.—*A. G. S. R. R. Co. v. Shahan*, 116 Ala. 302; *L. & N. R. R. Co. v. Cofer*, 110 Ala. 491; *Dusenberry v. Railroad Co.*, 94 Ala. 413; *Offield v. Wabash R. R.*, 22 Mo. App. 607; *S. A. & M. Ry. v. Buford*, 106 Ala. 303.

Count three charges; first an overflow of water upon the plaintiff's land by reason of the erection of a levee

39

or embankment by the defendant; second, injuries to the agricultural productive capacity of the land caused by digging a ditch along the side of the land, through which the water permeates and percolates the plaintiff's lands; third, the operation by the defendant at various times of an iron ore washer on lands adjacent to plaintiff and to continue to operate said washer until there was an accumulation of mud, slush and other substance, which defendant at various times permitted and allowed to escape and flow upon and overspread twelve or fifteen acres of the plaintiff's land.

The 4th count is also defective and the trial court erred in not sustaining demurrers 10 and 11, as numbered 54, 55, 56, 57 and 58 under the subdivision.

The case of *Tenn. Coal & Iron Co. v. Hamilton*, 100 Ala. 252, is not in support of the correctness of these counts. There was but one count in that case and the injuries complained of were the result of the erection and use of the iron ore washer.

As the bill of exceptions was not signed within the time allowed by law, the motion to strike is sustained. *Bass Furnace Co. v. Glasscock*, 86 Ala. 244.

Reversed and remanded.

McClellan, C. J., Tyson and Simpson, JJ., concurring.