ARTHUR A. WILLIAMS *vs*. M. FRANK EASTMAN.

Middlesex.   March 9, 1911. — May 17, 1911.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Attachment.   Officer.*

If a deputy sheriff makes an attachment of personal property purposely excessive in amount, he has exceeded his authority and is liable to the owner of the property in an action of tort for any injury which his unlawful act has caused.

Where an officer makes an attachment of personal property it is his duty to decide, as best he can, whether the property attached will prove sufficient to satisfy the plaintiff's claim, and, if in the exercise of this discretion he acts in good faith, he will not be liable to the debtor for attaching through an honest mistake a greater amount of property than is necessary.

In an action against a deputy sheriff for wilfully making an attachment of the plaintiff's property excessive in amount, where there is evidence that the defendant took and held in his possession goods of the plaintiff largely exceeding in value the amount which the defendant was commanded to attach, this is a circumstance for the consideration of the jury, in connection with the other evidence, in determining the true character of the defendant's conduct, but, unless they find that the defendant made the attachment for an excessive amount wilfully, he cannot be held liable.

TORT against a deputy sheriff for an alleged malicious attachment of personal property of the plaintiff in an action brought

by the S. H. Couch Company, a corporation, with four counts, of which the first alleged that the defendant attached personal property of the plaintiff worth not less than $30,000, consisting of his stock on hand and machinery for the manufacture of shoes in the plaintiff's factory at Wayland, upon a writ in an action of contract in which the *ad damnum* was only $300 and the amount claimed in the declaration was only $125.45 with interest from April 20, 1907, alleging also that the defendant made the excessive attachment maliciously for the purpose of injuring the plaintiff and causing him to pay money for the discharge of the attachment although he disputed the claim. Writ dated December 19, 1907.

In the Superior Court the case was tried before *Hitchcock*, J. At the trial the plaintiff waived his fourth count and the case was submitted to the jury upon the first three counts. The second and third counts related to the alleged misconduct of keepers placed by the defendant in charge of the property attached by him and are not material to the questions raised by the exceptions. Evidence was introduced by the plaintiff tending to support the allegations in the first three counts of his declaration. The testimony of the defendant tended to contradict the plaintiff's evidence.

In charging the jury the judge gave, among others, the following instructions:

" He (the sheriff) is commanded to attach goods and property to the value of $300. There his authority ends so far as the attachment is concerned. He has no authority under the writ to take more than $300.

". . . if he takes more ·in value than that which the writ authorizes him to take, whether he may think it is less or not, he has done an act which he had no authority to do. He takes ·his chance in reference to that matter, but he is called upon to take property of the fair value of the amount which is stated in the process which is given him to serve.

" The plaintiff claims in at least one count of the declaration that there was a great amount of property taken, very much in excess of $300, and the defendant says that he made a general attachment, as is usual in such a case. A general attachment of that character, gentlemen, is not sustained in the law. . . .

Now the claim is made here by the plaintiff in the first count that there was this excessive attachment made, and if there was an excessive attachment made on that day then this defendant is liable for making such an excessive attachment."

At the close of the charge the counsel for the defendant excepted to those portions of the charge above quoted and to others in which the judge defined the responsibility of the sheriff in picking out the amount that he was commanded to attach, the counsel stating that " he did not think that the law required the sheriff to exactly determine between the parties the value of the property to be taken as strictly as appeared in the language of the court."

Upon the three counts submitted to them the jury returned a general verdict for the plaintiff in the sum of $1,500. The defendant alleged exceptions.

*G. L. Mayberry*, for the defendant.

*W. R. Bigelow*, for the plaintiff.

BRALEY, J. If the defendant as a deputy sheriff made a wilfully excessive attachment of the plaintiff's personal property as alleged in the first count of the declaration, he exceeded his authority, and the writ under which he acted, although valid and duly returned to the court from which it issued, does not protect him or justify his conduct. *Watson* v. *Todd*, 5 Mass. 271, 272. *Malcom* v. *Spoor*, 12 Met. 279. *Esty* v. *Wilmot*, 15 Gray, 168, 169.

It is contemplated by our statutes governing attachments of personal property, that the attaching officer shall take immediate possession and hold the property so that it can be seized and applied on the execution, unless it is so bulky that it cannot be removed, or the defendant requests or consents that the property attached may remain on the premises in charge of a keeper. R. L. c. 167, §§ 43, 44, 45. *Boynton* v. *Warren*, 99 Mass. 172, 174. *Cutter* v. *Howe*, 122 Mass. 541, 544. But the amount of property to be taken must be determined by the officer. It generally would be impossible for him to take just enough personalty to cover the damages demanded in the writ, unless the attachment was of money exposed by the defendant. The nature of the property, the amount for which it probably can be ·sold to satisfy the execution, not merely in the market or in the ordinary

course of business but at a sheriff's sale, are all to be considered. It rests with the officer acting under these fluctuating but important conditions to decide, as best he can, whether the property attached will prove sufficient to satisfy the plaintiff's claim, while taking proper care that the rights of the debtor, who must yield to his authority, are not infringed by an unreasonable and excessive seizure. If in the exercise of this discretion, which the law confers upon him, he acts in good faith, but makes an honest mistake of judgment prejudicial to the debtor, he is not liable for abuse of process. *Wilson* v. *Todd*, 5 Mass. 271, 272. *Abbott* v. *Kimball*, 19 Vt. 551. *Merrill* v. *Curtis*, 18 Maine, 272. *Davis* v. *Webster*, 59 N. H. 471.

Where the valuation is manifestly so extreme that reasonable men would condemn his action as unnecessary and excessive, the officer may be found to have acted oppressively. *Savage* v. *Brewer*, 16 Pick. 453, 457. *Holland* v. *Anthony*, 19 R. I. 216. It is a question of fact depending upon the circumstances, and no absolute rule applicable alike to all cases can be laid down. *Bergin* v. *Hayward*, 102 Mass. 414, 426. The plaintiff's evidence no doubt tended to prove that the defendant took and held possession of goods very largely in excess of the amount he had been commanded to attach. But, while this was a circumstance for the consideration of the jury in connection with the other evidence as to the true character of his conduct and course of procedure, yet, if they found that the estimated valuation was not wilfully made, it was not of itself proof of his alleged official misconduct. *Merrill* v. *Curtis*, 18 Maine, 272. *Davis* v. *Webster*, 59 N. H. 471.

It follows from what we have said, that the instructions to which the defendant excepted, that, if the defendant honestly attached and held the plaintiff's property for a larger amount than the writ specified, he acted at his peril and without authority, were erroneous.

*Exceptions sustained.*