J. C. BLAIR and Emma Blair, Appellants, v. MAXBASS SE-CURITY BANK OF MAXBASS, a Corporation, Respondent.

(176 N. W. 98.)

**Process — warrant of seizure maliciously and wilfully issued for four times amount of mortgage is abuse of process.**

Where certain chattel mortgages were foreclosed by an action, and a summons was issued which claimed to recover, from the defendant, more than four times the amount actually owing upon the mortgages, and, in the course of the action, a warrant of seizure was issued and placed in the hands of the sheriff, under which all of the property described in the mortgages was taken from the possession of the defendant, such property consisting of a large amount of live stock, machinery, grain, and other property, the plaintiff in that action knowing, at the time it caused to be issued said warrant of seizure, that it was foreclosing such mortgage, and maintaining said action for more than four times the amount actually owing it, and the complaint, in this action, which is one for abuse of process in the foreclosure action, alleging all the foregoing facts, and further alleging that the warrant of seizure was maliciously and wilfully issued, with such knowledge.

It is *held*, the complaint states a cause of action for abuse of process, and that the court erred in not receiving evidence offered by the plaintiff to substantiate the allegations of his complaint.

Opinion filed December 13, 1919.

Appeal from a judgment of the District Court of Bottineau County, *A. G. Burr,* J.

Judgment reversed.

*J. J. Weeks,* for appellants.

If process, either civil or criminal, is wilfully made use of for a purpose not justified by law, this is an abuse for which an action will not lie. Cooley, Torts, 2d ed. 220; 32 Cyc. 542.

An action based on the abuse of process differs from an action for malicious prosecution in at least two respects: First, in that want of probable cause is not an essential element; and, second, that it is not essential that the original proceeding shall have terminated. Kool v. Lee, 134 Pac. 906; Malone v. Belcher, 216 Mass. 209, Ann. Cas. 1915A, 830; Grimestad v. Lofgren, 105 Minn. 296, 117 N. W. 515.

"A cause of action for malicious abuse of process assumes that the process is regular and legal in form." Smith v. Jones, 16 S. D. 337, 92 N. W. 1084; Nix v. Goodhile, 63 N. W. 701.

*W. H. Adams,* for respondent.

The defendant mortgagee was entitled, as soon as the plaintiffs failed to pay the mortgage in accordance with its terms, to take into its possession all of its mortgaged property and sell enough to pay it, including costs. James v. Wilson, 8 N. D. 186; Sandager v. Northern P. Elev. Co. 2 N. D. 3; Sanford v. Duluth & D. Elevator Co. 2 N. D. 6; N. D. Comp. Laws, § 8137.

GRACE, J. This action is one to recover damages for abuse of process. The plaintiffs pleaded certain facts in their complaint. The defendant interposed an answer.

At the time the case was called for trial, and after the jury were duly sworn, and at the time of the offering and rendering of proof on behalf of the plaintiffs, the defendant objected to the introduction of any evidence, on the ground that the complaint fails to state facts sufficient to constitute a cause of action, in this, that it shows there was an indebtedness existing between plaintiff and defendant; that, at the time of commencement of the action in which it is charged there was a malicious use and abuse of process, such indebtedness was due, and a cause of action did exist; that it shows that the plaintiff in that action, who is the defendant in this action, proceeded by a lawful

method, and pursued a lawful remedy, and that it does not show that the defendant in this action, at any time, had possession of the property mentioned in the complaint in this action, and that it contains no specific allegation of damage.

The court sustained the objection. The case is thus presented to this court as if a demurrer had been interposed to the complaint upon the same ground that the evidence to prove the allegations of the complaint was excluded. In other words, if the complaint in this action states facts sufficient to constitute a cause of action, the trial court was in error in excluding evidence offered to prove the facts alleged in the complaint.

For the purpose of determining the legal questions presented, all of the material facts which are well pleaded by the complaint, and in this case they are all well pleaded, must be taken as true. The complaint shows that the plaintiffs were indebted to the defendant, and, to secure that indebtedness, on the 11th day of November, 1914, executed and delivered to defendant a chattel mortgage.

It further shows that, on the 21st day of May, 1915, the plaintiffs executed and delivered to defendant another chattel mortgage. These chattel mortgages were properly and legally filed in the register of deeds' office at Bottineau county, North Dakota, and each covered and described a large amount of personal property consisting of horses, machinery, cattle and oats, and some other property, all of the alleged value of $2,500.

The complaint further shows that, on the 8th day of December, 1915, there was due on said indebtedness, and said chattel mortgages to defendant, a sum not to exceed $465.64, for which sum defendant held a lien on the property in question. That, on the 8th day of December, 1915, the defendant commenced foreclosure of the chattel mortgages by an action in the district court of Bottineau county, and wrongfully claimed to recover from the plaintiffs, $2,137.64, with interest thereon, from the 15th day of October, 1915, and demanded that the mortgages be foreclosed, and the property, therein mentioned, sold, and the proceeds applied to the payment of that sum, together with costs. That, on the 10th day of December, 1915, the defendant caused to be issued by the clerk of the district court of Bottineau county, a warrant of seizure, which required the sheriff of Bottineau

county to levy upon and take into his possession, and from the possession of the plaintiffs, all of the said property, which the sheriff did on or about the 14th day of December, 1915. That said property was held and kept by defendant, or under defendant's instructions and directions by the sheriff, until about the 7th day of July, 1916, when it was redelivered to plaintiffs.

The complaint further shows that, in the commencing of that action, and therein demanding the foreclosure of the mortgages for the sum of $2,137.64, instead of the sum which was actually due, and known to said defendant to be due at said time, the defendant wilfully and maliciously intended and attempted to pauperize and ruin the plaintiffs financially, and that, at the time of seizure of the property, it was well known to defendant that, on account of the seizure and the destruction of plaintiffs' credit thereby, the plaintiffs would be, and were, unable to rebond and possess themselves of such property during the pendency of the foreclosure action.

That, further, during the time the personal property remained in possession and under the control of defendant, the defendant failed and neglected to furnish sufficient feed and to exercise proper care of the animals described in the mortgage, and wilfully and maliciously, with intent to cause injury and damage to the plaintiffs, allowed the animals to suffer for want of sufficient food and drink and other proper care, so that at the time of the redelivery to plaintiffs, of the animals, they had become very thin in flesh, weak, and depreciated in value to plaintiffs' damage to the extent of $600; that, on account of the seizure of the personal property, and the withholding of the same, plaintiffs have been damaged in the loss of the use thereof, in the sum of $600.

The complaint further shows that the mortgages provided that the harvested crops, covered by said mortgages, might be sold by the mortgagee in any usual market thereof, at the market price thereof, without notice; that there were 2,000 bushels of oats covered by said mortgage, and which were seized and held by defendant, which had a market value in excess of the amount due on the mortgages, all of which was known to defendant at the time of the seizure; and that he knew that the grain was more than sufficient to pay the indebtedness, and knew the same could be sold, under the mortgage, without an action to foreclose; but that the defendant wilfully, unlawfully, and wrongfully com-

menced the action to foreclose the mortgages, and caused the levy to be made on all of the property, with the intention and purpose to hold the same for a long period of time, and with the intention and purpose of incurring large expense, and holding and caring for the property during the pendency of the action, with the preconceived idea of wasting the property, and to cause plaintiffs great financial loss and to destroy his credit, and that, by reason of said acts on the part of defendant, plaintiffs were injured in their name and.credit, and prevented from pursuing their business, compelled to pay counsel fees in the action to recover possession of property, and were injured in their employment and business in the sum of $1,000. In all, the complaint demands judgment for $2,200.

The defendant interposed a general denial, and also made certain admissions and pleaded other matter by way of defense. By its answer, it is shown that the mortgages were foreclosed, and substantially at the time and in the manner shown by the complaint, and further shows that, on the 3d day of May, 1916, judgment was entered in the district court of Bottineau county, in its favor for $496.67; that the judgment was decreed to be a lien upon the property, and that the chattel mortgages were a valid lien upon the property, and that it ordered a special execution issued from the court on the judgment, and that the property described in the complaint be levied upon by the sheriff, or as much thereof as might be necessary, and that the same be sold under the direction of the sheriff, and the proceeds applied to the satisfaction of the judgment; that, thereafter, on about the 7th day of July, 1916, the plaintiffs voluntarily paid the judgment, and then the sheriff of Bottineau county released and turned over to the plaintiffs all the property described in the complaint.

No particular attention need be paid to the answer, except in so far as its allegations substantiate those of the complaint; for the sole question is: Does the complaint state facts sufficient to constitute a cause of action? We are thoroughly convinced it does. It was reversible error to exclude evidence and proof of the allegations therein.

The principles of law which are applicable in actions for malicious prosecution do not obtain in an action for malicious abuse of process, or where a party to the action maliciously, and with a sinister purpose, causes process to be issued, under which the officer levying on property

in obedience to the process or writ occasions the damage complained of.

In actions for malicious prosecution, the complaint must allege want of probable cause and a termination of the action claimed to have been prosecuted maliciously. Neither of these elements need be present in an action for malicious abuse of process, or in maliciously and wilfully causing process to issue.

In 21 R. C. L. p. 1261, judicial process is defined thus: "Judicial process, in its largest sense, comprehends all the acts of the court, from the beginning of the proceeding to its end. In a narrower sense, it is the means of compelling a defendant to appear in court, after suing out the original writ in civil, and, after indictment, in criminal, cases. In every sense, it is the act of the court. Any means of acquiring jurisdiction is properly denominated process. The term is sufficiently comprehensive to include an attachment, garnishment, or execution. A writ is process and process is a writ, interchangeably."

The warrant of seizure issued in this case is of the nature, and largely performs the functions and office, of a writ of attachment.

In 32 Cyc. 543, it is said: "All persons who knowingly participate in the abuse of process are liable as joint tort-feasors, and if a party directs or consents to the unlawful acts of an officer or subsequently adopts them, he becomes liable. But a plaintiff who does not direct or participate in abuse of process by the officer, and does not ratify his acts, is not liable.

Although some cases hold that malice is a fact necessary to be shown in an action for abuse of process, and while the action is often denominated one for the 'malicious abuse of process,' it is probable that malice is not an essential element of the cause of action, and becomes important only when exemplary damages are sought. The act constituting the abuse must, however, be shown to have been wilful. Under no circumstances will malice alone give a right of action. Nor will the action lie against one who, in good faith, has sought to properly enforce a supposed writ. 32 Cyc. 542.

It is not necessary to determine in this case the necessity of the presence of both malice and wilfulness in causing to be issued certain process, or for the malicious use of process. It is sufficient to state that the complaint shows both elements present in this case. It contains other

44 N. D.—2.

allegations showing bad faith on the part of the defendant, such as an intention to wreck the credit of the plaintiffs, to place them in a position where they could not rebond the property, this by defendant claiming to recover, in its complaint in the foreclosure action, a grossly larger amount than was owing it from the plaintiffs.

The defendant, in its foreclosure action, sought to recover $2,137.64. This was more than four times the amount which the plaintiffs owed it. The defendant knew this, so the complaint states, and it certainly must have known approximately how much the plaintiffs were indebted to it. The judgment which it did recover was $496.67. This was only $31.03 more than the plaintiffs conceded they owed it, and this difference may be partly costs or partly interest. At any rate, the judgment recovered was substantially the amount which plaintiffs conceded they owed.

If, then, the defendant in this action maliciously, knowingly, and wilfully caused to be issued a summons against the plaintiffs in the foreclosure proceedings, wherein it was claimed that these plaintiffs owed the defendant in that action more than four times the amount which these plaintiffs actually did owe it, and, in the same action, caused a warrant of seizure to be issued, taking all the property above mentioned, of the value of $2,500, into its possession, and this, with the intent and purposes alleged in the complaint in this case, it would seem there could be no doubt that such acts constituted malicious abuse of process. Farmer v. Crosby, 43 Minn. 459, 45 N. W. 866.

It may be conceded that the defendant in its foreclosure action had a legal right to have a warrant of seizure issued, default having occurred in the terms of the chattel mortgages. Under the cover of this legal right, however, it cannot be permitted to perpetrate a legal wrong. It had a right to a warrant of seizure to take possession of all the property; for it had a lien, by its mortgages, upon all the property, for the purpose of foreclosing the mortgages and selling the property, or sufficient thereof to discharge the obligation which these plaintiffs then owed it.

It had no right to the possession of the property for any other purpose. It was not entitled to the possession of the property for the purpose of foreclosing the mortgages for an amount more than four times in excess of what these plaintiffs then owed it.

They had no right to the possession of the property for any such purpose; that they did this wilfully, maliciously, and for the ulterior pur-

poses stated, the allegations of the complaint leave no room for doubt. It should not have been the purpose of the defendant, in its foreclosure action, to have caused these plaintiffs great and unnecessary expense.

Under § 8133, Comp. Laws 1913, the defendant, upon the default in the chattel mortgages, could have sold the oats upon the farm where they were located, in the ordinary manner of foreclosure of chattel mortgages, by advertisement, and there was sufficient of them to have paid every dollar which these plaintiffs then owed the defendant.

The defendant may not be required to proceed in that manner, but it is another reason which shows the defendant, in its foreclosure proceeding, as alleged by the plaintiffs, proceeded wilfully and maliciously.

This case is not one where a process was issued in good faith, and placed in the hands of an officer who, in exercising the powers conferred upon him by the writ, caused damage. In such case, the one who caused the writ to be issued might take refuge under the principle that the acts causing the damage were those of the officer, and that the one causing the writ to be issued and placed in his hands was not responsible for the acts of such officer.

In this case, however, the complaint shows that the writ was maliciously and wilfully issued for the collection of a sum more than four times of what could justly be collected. It shows, in effect, that the foreclosure proceedings were conducted in a harsh, unreasonable, and oppressive manner. In all these above circumstances, we are of the opinion the plaintiffs could recover in this action, whatever damages they suffered or to which they could show themselves entitled.

We are of the opinion that the complaint, as a whole, states a cause of action.

The judgment appealed from is reversed, and the case is remanded to the lower court for a new trial.

The appellant is entitled to statutory costs and disbursements on appeal.

BRONSON and ROBINSON, JJ., concur.

CHRISTIANSON, Ch J., and BIRDZELL, J., dissent.