FREDERICK E. SHAW *vs.* MAXWELL J. FULTON.

Essex.   December 7, 1928. — February 5, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Abuse of Process. Malice. Equity Jurisdiction,* To remove cloud from
    title, Damages. *Damages,* In suit in equity.

The mere facts that, at the time when a judgment creditor ordered a
    sheriff to seize, levy upon and sell certain real estate as the real estate
    of the judgment debtor, it already had been conveyed by the judg-
    ment debtor to his attorney and the deed had been recorded, do not
    as a matter of law require, in a suit in equity by the attorney to have
    a deed by the sheriff, following a seizure, levy and sale in accordance
    with instructions from the judgment creditor, declared void and for
    damages, a finding that the seizure and levy were an abuse of legal
    process so that the plaintiff was entitled to damages; and, where a
    master, to whom such suit was referred, does not find that the de-
    fendant had been actuated by a malicious motive or ill will toward
    the plaintiff, or any facts that require an inference to that effect, a
    final decree, granting the plaintiff relief from the sheriff's deed but
    not awarding him damages, will be affirmed on an appeal by the
    plaintiff.

BILL IN EQUITY, filed in the Superior Court on October
30, 1926, seeking cancellation of a deed of a sheriff to the
defendant after what purported to be a sale of certain real
estate of one Emma Carney, which, the plaintiff alleged,
was invalid because she already had conveyed the property
to the plaintiff, and for damages caused to the plaintiff by
reason of the sheriff's seizure, levy and recording of the
deed.

In the Superior Court, the suit was referred to a master,
who found the facts stated in the opinion and also that, by
the defendant's acts, the plaintiff suffered damages amount-
ing to $680.85. By order of *Lummus,* J., there were en-
tered an interlocutory decree confirming the master's report,
and the final decree described in the opinion. No damages
were awarded. The plaintiff appealed.

*F. E. Shaw,* pro se.

*W. A. Lackey*, for the defendant.

CARROLL, J.   The defendant in this suit in equity, his partners joining, brought an action at law against Emma P. Carney for labor and materials furnished in the erection of a building on land owned by her.   The real estate was attached by the plaintiffs in the original action.   While this action at law was pending, it was placed on the inactive list under Common Law Rule 62 of the Superior Court (1923), and an order issued that unless disposed of before April 7, 1924, the case would be dismissed.   Nothing was done by the plaintiffs in that action, and on April 7 a judgment of dismissal was entered, the rule providing that if the order of the court is not complied with "the case without further notice or hearing shall thereupon be dismissed, and judgment entered forthwith.   It is not disputed that the attachment was thereby dissolved.   On April 10, 1924, the then plaintiffs moved to vacate the judgment.   This motion was allowed but no new attachment of the real estate was made. July 6, 1925, Fulton and his partners obtained judgment against Mrs. Carney and on July 29 of that year an execution issued in the sum of $1,242.04 damages, and $41.15 costs.   On August 3, 1925, the plaintiffs in the action at law made a levy purporting to seize by virtue of the execution all of the right, title and interest which Mrs. Carney had in the real estate in question.   On September 12, the deputy sheriff sold this interest to Maxwell J. Fulton, the defendant here, for $1, and delivered a deed to Fulton.   On October 15, this deed was recorded.   Fulton paid the taxes on this real estate in 1926 and 1927.

The plaintiff represented Mrs. Carney in the action at law. She deeded the property in question to him, and about six months later, in May, 1925, the deed from Mrs. Carney to the plaintiff in this suit was recorded.

The case in equity was heard by a master.   His report was confirmed and a final decree entered, declaring that the plaintiff had a good title to the premises which was unaffected by the sheriff's deed to the defendant Fulton and restraining him from making any claim or demand on said premises against the plaintiff, cancelling the deed from the

deputy sheriff to Fulton, and ordering him to execute a deed to Frederick E. Shaw releasing all rights under the sheriff's deed. The plaintiff appealed.

The contention of the plaintiff is that, in levying on the property belonging to him there was a malicious abuse of legal process by the defendant for which the plaintiff was entitled to damages. The master found that the plaintiff suffered damages by the levy and sale of the property which had been conveyed to him by Mrs. Carney. An action for the abuse of process or the malicious use of process does not lie in the absence of malice. *Lindsay* v. *Larned,* 17 Mass. 190. *Malone* v. *Belcher,* 216 Mass. 209, 211. There was no finding by the master that Fulton was guilty of malice. Mrs. Carney was indebted to Fulton and his partners for labor and materials used in the construction of the building, and up to the time the action at law was dismissed they had a valid attachment on the real estate. There is nothing in the report to show that either Fulton or his partners had any ill will toward Mrs. Carney or the plaintiff in the present suit and there is no finding that Fulton acted from a malicious motive.

In *Johnson* v. *Reed,* 136 Mass. 421, 423, it was said "The common-law action for abusing legal process is confined to a use of process for the purpose of compelling the defendant to do some collateral thing, which he could not lawfully be compelled to do." *White* v. *Apsley Rubber Co.* 194 Mass. 97. There was no such abuse here; there was no attempt on the part of Fulton or his partners to use the process for purposes of extortion, to injure the owner of the land, or to prevent a sale of the property. *Wood* v. *Graves,* 144 Mass. 365.

The contractors had a valid judgment against Mrs. Carney. When their action was brought they apparently knew that the record title was in her name. They had no actual notice that the title had been transferred and the deed recorded in the name of the plaintiff in the present suit. They had constructive notice by the recording of the deed, but there is no finding they had actual notice that the title was in the name of the plaintiff. See *Piantadori* v. *Nally,* 233 Mass. 158. From all that appears in the report of the master the defend-

ant was acting in good faith and was honestly mistaken in supposing there was no change in the title. Malice or wilfullness in the use of process or its abuse could not be inferred from a mere mistake. *Williams* v. *Eastman*, 208 Mass. 579. All that is shown is that the defendant and his partners had a debt against Mrs. Carney which they were trying to collect, without actual knowledge that the property on which they levied no longer belonged to the debtor.

There is nothing in *Gott* v. *Pulsifer*, 122 Mass. 235, in conflict with what has been said.

It follows that the plaintiff cannot recover damages. The decree gave him full protection and it is affirmed.

*Ordered accordingly.*