165 So. 394

**CLIKOS v. LONG.**

6 Div. 743.

Supreme Court of Alabama.
Jan. 16, 1936.

Morrow & Longshore, of Birmingham, for appellant.

426

Hugh A. Locke and Frank M. James, both of Birmingham, for appellee.

**GARDNER, Justice.**

Count 2, upon which, for the plaintiff, the cause was tried, seeks damages as for an abuse of process, as distinguished from the action of malicious prosecution; the chief distinction being that the former rests upon the improper use of a regularly issued process, while the latter has reference to the wrong in the issuance thereof. Brown v. Master, 104 Ala. 451, 16 So. 443; Dickerson v. Schwabacher, 177 Ala. 371, 58 So. 986, 988; McCarty v. Williams, 212 Ala. 232, 102 So. 133; Brock v. Berry, 132 Ala. 95, 31 So. 517, 90 Am.St.Rep. 896; 38 Corpus Juris, 384; 50 Corpus Juris, 612; 1 Cooley on Torts (4th Ed.) § 131; 1 R.C.L. pp. 102, 103; Italian Star Line v. United States Shipping Board Emergency Fleet Corporation (C.C.A.) 53 F.(2d) 359, '80 A. L.R. 576, and note; Glidewell v. Murray-Lacy & Co., 124 Va. 563, 98 S.E. 665, 4 A. L.R. 225, and note; Cary Brick Co. v. Tilton (C.C.A.) 208 F. 497, 500; Williams v. Eastman, 208 Mass. 579, 95 N.E. 401; Shaw v. Fulton, 266 Mass. 189, 165 N.E. 26; Tamblyn v. Johnston (C.C.A.) 126 F. 267; Blair v. Maxbass Security Bank, 44 N.D. 12, 176 N.W. 98.

Our rule of pleading does not sanction uniting two separate and distinct tort actions in the same count (Hughes' Case [Iron City Min. Co. v. Hughes], 144 Ala. 608, 42 So. 39; Highland Ave. & Belt R. Co. v. Dusenberry, 94 Ala. 413, 10 So. 274, 275; Birmingham Ry., L. & P. Co. v. Nicholas, 181 Ala. 491, 61 So. 361; Sloss-Sheffield Steel & Iron Co. v. Smith, 166 Ala. 437, 52 So. 38; Moss v. Winston, 223 Ala. 515, 137 So. 303); and defendant insists that the demurrer taking this point should have been sustained. The argument is that plaintiff has attempted to state a cause for abuse of process based upon the suing out of an attachment for an amount greatly in excess of the debt, and also in the levy of the attachment upon property largely in excess in value of the debt, each of which may constitute a cause of action. 1 Cooley on Torts, § 131; Dickerson v. Schwabacher, supra; Tamblyn v. Johnston, supra; Blair v. Maxbass Security Bank, supra; Brown v. Master, supra.

We consider the complaint is so to be construed, and as such was subject to the demurrer interposed.

Counsel for plaintiff insist that averments as to the claim of an excessive sum due are to be considered merely by way of inducement, and that the gist of the action is the excessive levy.

We have stated our construction to the contrary. But the argument for plaintiff, in the light of the averments of the count, all tend to show that, in any event, the count was objectionable in that it lacks perspicuity

and certainty. Defendant had the right to be informed of the particular cause of action for which he is sought to be held liable on this count. Nicholas Case, supra. But, accepting plaintiff's theory, we think still the count was subject to objection. Claiming the sum of $325 as due, when the correct amount was only $30, is one matter, and the levy by the officer upon property of the value of $2,000 to satisfy either of said sums is another and different transaction. In having an attachment writ to satisfy $325, plaintiff in the attachment suit may presume the officer in whose hands the writ is placed for levy will take no action not authorized by its terms. Brock v. Berry, supra. Presumably all that plaintiff in that action did was to place the writ in the hands of the officer.

■■ The officer in making the levy exercises a discretion, and, if he acts in good faith, though mistakenly to the prejudice of the debtor, there is no liability for an abuse of process. Williams v. Eastman, supra. "To charge him with damages, he must be shown to have acted maliciously and without an honest belief that the property taken would bring at a sheriff's sale no more than was reasonably necessary to satisfy the ad damnum in the writ." Cary Brick Co. v. Tilton, supra.

Clearly this defendant could not be held to liability unless the officer was likewise guilty of an abuse of process. There is no averment that the officer either knew the property attached was of greater value than was reasonably necessary to satisfy the writ or that he did not honestly so believe. Cary Brick Co. v. Tilton, supra. Nor is there any averment to show this defendant in any manner participated in the levy by the officer or was present or had knowledge thereof. As said in Brock v. Berry, 132 Ala. 95, 101, 31 So. 517, 518, 90 Am.St.Rep. 896: "When * * * the plaintiff neither indemnifies the officer, nor directs the doing of the act or acts for which the officer is subsequently subjected to liability, the plaintiff cannot be held answerable."

· ■ The mere statement that this defendant "caused such excessive levy" does not suffice to supply this deficiency, as, construing the pleading most strongly against the pleader, the proper inference is that it was so caused by the issuance of the attachment writ, and thus starting in motion the machinery which culminated in the levy. Such construction would therefore lay emphasis not upon the excessive levy, but upon the excessive claim in the procurement of the writ, and the subsequent damage as a result thereof.

There is here not one transaction, as in American Ry. Express Co. v. Summers, 208 Ala. 531, 94 So. 737, and Blair v. Maxbass Security Bank, supra, cited by plaintiff, but two separate transactions, with one of which (the excessive levy) this defendant is not shown to have been connected. And, as we read the case of Brown v. Master, 104 Ala. 451, 16 So. 443, 444, the attachment plaintiff was charged with actual participation in the levy when made.

■ Nor is the count sufficient as one resting upon the procurement of the writ upon an excessive claim of indebtedness. The averment is that the defendant knew, or should have known, that plaintiff owed him only $30, and must be considered in the light of the latter alternative "should have known," which signifies an element of negligence in not ascertaining the correct amount, though the plaintiff in the action may have acted in perfect good faith.

Upon the question as to whether or not malice is an essential element of an action for abuse of process, the authorities are in conflict. 38 Corpus Juris, 385; 50 Corpus Juris, 618; 1 R.C.L. 104.

But, when we consider that one guilty of a wrongful act done intentionally, without legal justification or excuse, is guilty of a malicious act in the eye of the law (Tamblyn v. Johnston, supra), or, as otherwise expressed (Brown v. Master, supra), that "whatever is done wrongfully, vexatiously, and purposely, is in law maliciously done," we think it clear that malice is an essential ingredient. Indeed, the action is frequently referred to as the malicious abuse of process, 50 Corpus Juris 612, and so expressly denominated in our case of Dickerson v. Schwabacher, supra, and embraced in the definition therein found, which follows: "Abuse of the process refers to the malicious and wrongful use of process which is regular and rightful in its issuance."

In 1 R.C.L. 104, is the statement, "But it seems that actual malice is unimportant, if the process is wilfully used to accomplish the purpose intended, since unlawful acts, wilfully done, are malicious as to those injured thereby," and cited in the note is Nix v. Goodhill, 95 Iowa, 282, 63 N.W. 701, 58 Am.St.Rep. 434, which authority is approvingly noted in Dickerson v. Schwabacher,

supra, where is found also a quotation from Bartlett v. Christhilf, 69 Md. 219, 14 A. 518, likewise made use of in the Iowa case. See, also, expression found in Eslava v. Jones, 83 Ala. 139, 3 So. 317, 3 Am.St.Rep. 699, and Tucker v. Adams, 52 Ala. 254, though the cases themselves are not directly in point. Numerous authorities cited in the note to 50 Corpus Juris, 613, are to like effect.

But we think our own decisions suffice to settle the question, and that such a conclusion is not only well supported by the authorities but by sound reasoning as well. Two elements are necessary, says Mr. Cooley (1 Cooley, p. 437) : "First the existence of an ulterior purpose, and, second, an act in the use of the process not proper in the regular prosecution of the proceedings." Some authorities use the expression "ulterior motive," while others say bad motive (Crews v. Mayo, 165 Cal. 493, 132 P. 1032), but the meaning is the same.

If the attachment plaintiff, knowing there is due a certain sum, and with such knowledge, for the ulterior purpose of injuring the defendant, makes affidavit of a much larger sum, and procures an attachment for such excessive amount, his action would amount to malice, for it would be an intentional wrongful act done for an ulterior motive. These facts being alleged, malice is made to appear in the eyes of the law, and the count would be free from objection, though omitting the use of the word "malicious" altogether. 50 Corpus Juris, 613.

But we have no such averment as to the excessive sum claimed, and, considering the alternative averment, "or should have known," the allegations are consistent with an honest mistake. This, of course, would not suffice. We are at the conclusion, therefore, that, viewed from any angle, the complaint was subject to demurrer.

■ "To be remediable the abuse of process must have been wilful and for an unlawful purpose. Good faith is a defense." 50 Corpus Juris, 616. "Malice or willfulness in the use of process or its abuse could not be inferred from a mere mistake." Shaw v. Fulton, 266 Mass. 189, 165 N.E. 26, 27.

And, if the defendant in this action honestly believed the plaintiff was due the sum for which the attachment was procured, there would be no actionable abuse of process rested upon the excessiveness of the attachment writ. Leeman v. McGrath, 116 Wis. 49, 92 N.W. 425.

■ Plaintiff here had charged defendant with having procured the attachment for $325, when only the sum of $30 was due. Defendant offered to show on several different occasions during the trial that the sum claimed was the correct amount, and that, although this plaintiff, as tenant, had agreed to pay $30 per month rental for the store, he had in fact paid only the sum of $10 on three separate occasions in a period of several months. But his efforts were thwarted by the court's ruling in sustaining plaintiff's objection to such proof, all based, it seems, upon the assumption that the judgment in the attachment suit against this plaintiff for $30 was conclusive. But, as previously noted, good faith is a defense to this action, and to rebut malice the true facts were admissible. Penney v. Warren, 217 Ala. 120, 115 So. 16; Roberts v. Heim, 27 Ala. 678; Marshall v. Betner, 17 Ala. 832, 838; Savage v. Brewer, 16 Pick. (Mass.) 453, 28 Am.Dec. 255; Mathews v. Baldwin, 101 Ga. 318, 28 S.E. 1015; Williams v. Eastman, 208 Mass. 579, 95 N.E. 401.

These observations are likewise applicable to the rulings on questions addressed to plaintiff by defendant on cross-examination.

We think also the rental account of A. A. Adams and Company, agents for the property, should have been admitted upon the same reasoning. Section 7701, Code 1923.

■ The defendant and his wife reside in Mobile, and so resided when the attachment was issued. Neither was present at that time nor at the trial. The attachment was instigated by Hughes, who had the management of the rental department of A. A. Adams & Co., the agent for the property, and by Hughes placed in the hands of an attorney. The defendant's name is Manuel D. Clikos, and that of his wife Argero M. Clikos. In each name therefore the initial "M." appears. The plaintiff in the attachment suit was M. Clikos. Defendant offered to show that the property was that of the wife, and not his, that the agent was the agent of his wife and acted as her agent in procuring the attachment, and that the attorney acted for her, and not himself, and that the name "M. Clikos" in the proceeding did not represent him. The effect, therefore, was to show that this defendant had no connection whatever with this attachment matter—did not own or rent

the property, and had no connection with the proceedings, being in Mobile during the entire time. We think this proof was admissible under the general issue in "short by consent," upon which the case was tried.

The authority to the contrary, cited by plaintiff (47 Corpus Juris, § 307, p. 193), is not applicable to a situation as here presented. Here defendant merely offered to show that he was not the party who is charged with the wrong alleged, and should have been permitted to do so. It was a matter embraced in the general issue. But we need follow the assignments no further. Enough appears, without the enumeration of the assignments of error, that the judgment, in our opinion, is laid in error, and should be reversed. And we feel that sufficient discussion has been indulged to serve as a guide upon another trial.

Let the judgment stand reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.