Pettingel, J.
The report describes this action as “an action of tort * * * to recover damages * * * for the malicious abuse of civil process * * The declaration is not made a part of the report nor is it quoted in the report. We must, therefore, accept the statement of the nature of the action at its face value, and must treat the issues presented on that basis. The case must be differentiated from an action for malicious prosecution as well as from one for injury caused by the negligent acts of the defendant or his agents.
In an action for the malicious abuse of civil process “It is to be assumed # * * that the process was lawfully issued for a just cause, and is valid in form, and that the arrest or other proceeding upon the process was justifiable and proper in its inception. But the grievance to be re *453 dressed arises in consequence of subsequent proceedings. For example, if after arrest upon civil or criminal process tbe person arrested is subjected to unwarrantable insults and indignities, is treated witb cruelty, is deprived of proper food, or is otherwise treated with oppression and undue hardship, he has a remedy by action against the officer and against others who may unite with the officer in doing the wrong. . . . Perhaps the most frequent form of such abuse is by working upon the fears of the person under arrest for the purpose of extorting money or other property or of compelling him, to sign some paper, to give up some claim, or to do some other act in accordance with the wishes of those who have control of the prosecution.” Wood v. Graves, 144 Mass. 365, at 366, 367.
Thus, a criminal prosecution and the arrest of a tenant in order to compel him to quit the premises and relinquish his claim to occupancy is such an abuse of process as to give the tenant a right of action. White v. Apsley Rubber Co., 181 Mass. 339, at 341; Same v. Same, 194 Mass. 97, at 99; and an attachment of real estate, for the purpose of preventing its sale to a third person, is such a perversion of legal process as to give the owner a right of action against the one attaching. Malone v. Belcher, 216 Mass. 209, at 211. Such an action lies only where the process is “in fact abused”, McLean v. Naumkeag Trust Co., 268 Mass. 437, at 439, 440; where one has a valid claim and, without malice, seeks to enforce it by the remedies provided by law, he is not liable for any injury caused the defendant. Ripley v. McBarron, 125 Mass. 272, at 273; Shaw v. Fulton, 266 Mass. 189, at 191, 192. See also, O’Brien v. Barry, 106 Mass. 300, at 303; Johnson v. Reed, 136 Mass. 421, at 423.
In such an action, malice is a necessary element. Lindsay v. Larned, 17 Mass. 189, at 197; Stone v. Swift, 4 Pick. 389, *454 at 393. Malice may be inferred from want of probable cause, Moscot v. Frank Ridlon Co., 216 Mass. 193, at 195; or from conduct which is a reckless disregard of the rights of another and of the consequences that may result to him, Gott v. Pulsifer, 122 Mass. 235, at 239; but it cannot be inferred from a mere mistake, by the party using the process, as to what his legal rights were, Shaw v. Fulton, 266 Mass. 189, at 191, 192.
In the case at bar, the defendant having as far as the record goes, a valid claim against one Hoyt, who had done business at 6 Centre Street, Malden, under the name of the Centre Heating Company, and learning that one Ames owed money to the Domestic Heating Company for which Ames was inquiring’ at 6 Centre Street, Malden, reported the facts to his attorney, who jumped at the conclusion that Hoyt was doing business under the name of the Domestic Heating Company, and sued Hoyt and trusteed Ames. This procedure proved expensive to the plaintiff, who was doing business as the Domestic Heating Company, and was the one to whom Ames was indebted, especially so as the defendant’s attorney refused to discharge the attachment, and Ames, answering as trustee, complicated matters by the nature of his answer. The plaintiff, nevertheless, might have saved himself much of the expense and inconvenience suffered, if he had appeared as a claimant in the trustee action and had there litigated the matter instead of waiting and, after the trustee was charged, suing Ames in a separate action. As it is, his remedy now may be against Ames because of the latter’s improper answer as trustee See Karp v. The First National Bank of Boston, Mass. Adv. Sh. (1936) 1717, at 1718, 1719.
The judge found specifically that the defendant brought suit upon the advice of counsel, and that there was no evi *455 deuce of ill will or ulterior motive on the part of defendant. He found also that the defendant’s attorney was negligent in his handling of the matter.
The first three requests denied are general in nature and are based “upon all the law”, “upon all the evidence”, and “upon the law and the evidence”. It is certain, in view of the findings of fact made by the trial judge, and the eases already cited, that these rulings could not properly have been given.
All of the other rulings requested and denied, with the exception of those which relate to damages, are predicated upon the presence of malice, or recklessness, or other improper mental attitudes on the part of the defendant, which are negatived by the specific finding of lack of ill will or other ulterior motives on his part; or upon certain other facts which the judge was not obliged to find and evidently did not find. They were properly denied. Bradley v. Meltzer, 245 Mass. 41, at 43; Shay v. Gagne, 275 Mass. 386, at 390. It is not necessary to review them in detail.
What damage the plaintiff suffered came largely, not because of the attachment, but because of the subsequent refusal of the defendant’s attorney to discharge it when he should have realized that he was mistaken in his conclusion that it was Hoyt’s money. The judge’s finding of negligence undoubtedly refers to this stage of the case, and it may be that the plaintiff has a valid claim against the defendant for the injury caused by the negligence of his attorney, see Shattuck v. Bill, 142 Mass. 56, at 63, 64; but such a claim would not come within the scope of a declaration to recover for malicious abuse of' civil process. In considering the case from that angle, however, it must be borne in mind that when the plaintiff was asked for proof that the money attached was his, he referred the defendant’s attor *456 ney to one BifMn, who when telephoned, answered, that the Centre Heating Company (Hoyt’s concern) and the Domestic Heating Company (the plaintiff’s concern) were the same concern, thus confirming the attorney in the conclusion which he had reached, by which he continued to be governed and controlled.
No prejudicial error appearing, the report is to be dismissed.